Ralph Wachsmuth et al., Appellants, v. James Edward Flanagan, Appellee.
James Edward Flanagan et al., Appellees, v. Ralph Wachsmuth, Appellant.

Gen. No. 10,266.

312

Opinion filed October 14, 1948. Released for publication November 2, 1948.

HALL, MEYER & CAREY, of Waukegan, for appellants; WESLEY G. CAREY, of Waukegan, of counsel.

SNYDER & CLARKE, of Waukegan, for appellee; GERALD C. SNYDER, of Waukegan, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

On Sunday evening, December 1, 1946, Ralph Wachsmuth, accompanied by his wife, Marcella, and Frank Lloyd Allen and Charlotte Allen, his wife, was driving his automobile in a westerly direction on Dempster street in Evanston. James Edward Flanagan, accompanied by his wife, Bernice, was driving his son's automobile in a northerly direction on Asbury avenue which intersects Dempster street. At this intersection the two automobiles collided. On December 13, 1946, Ralph Wachsmuth, Marcella Wachsmuth, Frank Lloyd Allen and Charlotte Allen filed the instant complaint to recover the damages which they alleged they sustained as a result of the negligence of James Edward Flanagan, Sr. The defendant answered and he and his wife and son filed their counterclaim seeking to recover from Ralph Wachsmuth the damages they alleged they sustained as a result of his negligence. Prior to the trial the complaint as to Frank Lloyd Allen was dismissed upon his motion. After the issues had been made up, a trial was had resulting in verdicts finding the defendant in the original complaint, James Edward Flanagan, Sr. not guilty and finding the defendant in the counterclaim, Ralph

Wachsmuth, guilty and assessing the damages of James E. Flanagan, Jr. at $300 and the damages of James Edward Flanagan and Bernice Flanagan at one dollar each. After overruling motions on behalf of the plaintiff for judgment notwithstanding the verdicts and for a new trial judgments were rendered upon the several verdicts. To reverse these judgments the record is before this court for review on appeal of the several plaintiffs.

It was stipulated at the trial that the property damage of the plaintiff, Ralph Wachsmuth was $287.60 and the property damage of the defendant, James E. Flanagan, Jr. was $300. Dempster street is a through four lane paved highway running east and west and approximately forty feet wide. Asbury street is a paved street running north and south and is thirty or thirty-five feet in width. One block east of Asbury street is Ridge street which runs parallel with Asbury. At the intersection of Ridge and Dempster streets there are traffic lights but not at the intersection of Dempster and Asbury, but there are regulation stop signs on Asbury protecting the traffic on Dempster. The Wachsmuth car had proceeded north on Ridge street, stopped in obedience to the red light and when it changed to green, the driver turned west on Dempster street. Both cars were properly lighted and the brakes on each car were in good condition. The pavement was dry and it was quite cold. Ralph Wachsmuth testified that he was driving his car and after he entered Dempster street he proceeded west and had attained a speed of twenty-five miles per hour and was fifty to seventy-five feet east of the Dempster-Asbury intersection when he saw the Flanagan car on Asbury street about fifty or seventy-five feet south of Dempster and proceeding north on Asbury toward Dempster at about twenty-five miles per hour. Mr. Wachsmuth testified that he watched the Flanagan car as it approached Dempster street and that it did not slow up or stop at

the intersection but entered the intersection and had partially crossed the intersection when the two cars came together north of the center line of Dempster street and east of the center of Asbury street. The testimony of Mrs. Wachsmuth, Frank Lloyd Allen and Charlotte Allen was corroborative of Mr. Wachsmuth. According to the testimony of James E. Flanagan, Sr., he was driving about twenty miles per hour on Asbury street as he approached the Dempster street intersection; that when he arrived at a point ten feet south of the south side of the Dempster street intersection he stopped, looked to the east and saw the headlights of the Wachsmuth car three hundred feet to the east coming west on Dempster street, that he then started his car in low gear and proceeded to cross Dempster street, and was traveling twelve or fifteen miles per hour at the time the collision took place north of the center of Dempster street and in the northerly lane having traveled forty feet from the point where he stopped south of the stop sign. At one time he testified that he did not look to the east any more after he started his car after bringing it to a stop; that he did not know how fast the Wachsmuth car was traveling but it "didn't seem to come particularly fast and I thought I had plenty of time to get across." At another place in his testimony he said that after he started his car and had traveled five feet toward Dempster he again looked and saw the Wachsmuth car about two hundred or two hundred and fifty feet to the east; that he did not look again and had cleared the center of the intersection and the front end of his car was about even with the north curb of Dempster street when it was hit by the Wachsmuth car. Mrs. Flanagan testified that the car which her husband was driving was a 1936 Ford, that it was in good condition and the brakes had just been relined, that she was seated in the front seat beside her husband and saw the Wachsmuth car at the time the car in which she was riding had stopped a car

length south of the south curb of Dempster street and again saw the lights on the Wachsmuth car when it was thirty-five to fifty feet to the east of their car when the front of their car had crossed the middle of the road and their car had proceeded north five or ten feet when it was struck by the Wachsmuth car. As a result of the collision, Mrs. Flanagan testified that her eyeballs were cut by broken glass and she was taken in an ambulance to the hospital and x-rayed and apparently was quite seriously injured. Mr. Wachsmuth suffered a simple fracture of the lower portion of the patella. He was hospitalized for two weeks and after two months was able to return to work, resuming the same work he had previously done.

Appellants insist that the trial court erred in giving instructions 9, 10 and 14. The ninth instruction is substantially the same as refused instruction 6 in *Mowat v. Sandel*, 262 Ill. App. 395, where it is set out on page 402. In our opinion this instruction does not assume that any plaintiff was guilty of negligence and in view of the language used in several instructions tendered by appellants and which the court gave, appellants are in no position to complain of the use of the words ''any plaintiff'' and ''such plaintiff'' as these words were likewise used by appellants in their instructions. As there is no evidence that Bernice Cameron Flanagan was the invited guest of James E. Flanagan, that relationship should not have been referred to in the fourteenth instruction. The tenth instruction reads as follows, *viz:* ''You are instructed that while the law gives the right of way to vehicles driven upon Dempster street over those approaching on Asbury street, the law does not contemplate that such right of way may arise when the vehicle on Dempster street is so far from the intersection at the time that a car from Asbury street enters upon it that with both vehicles running within the lawful limits of speed, the vehicle on Asbury street will reach the line of cross-

ing before the other vehicle will reach the intersection and if you believe from the preponderance of the evidence that at the time the automobile driven by the defendant, James Edward Flanagan, entered the intersection in question, the automobile driven by the plaintiff, Ralph Wachsmuth, was so far from the intersection that with both vehicles running within the lawful limits of speed the automobile of the defendant would reach the line of crossing before the automobile of the plaintiff would reach the intersection, then you are instructed that the automobile of said plaintiff would not have the right of way.'' Dempster street was a through street protected by stop signs and traffic on this street had the right of way over traffic entering from Asbury street. (Ill. Rev. Stat. 1947, ch. 95½, par. 167 [Jones Ill. Stats. Ann. 85.199].) The first part of this instruction, when applied to the evidence in this record, assumes that the Wachsmuth car was so far from the Asbury street intersection at the time the Flanagan car entered the intersection that the foregoing section of the statute did not apply. The entire instruction emphasized the importance of the right of way. It overlooked the duty of the driver of the Flanagan car to not only stop before entering the intersection (*Hill v. Hiles,* 309 Ill. App. 321) but having stopped not to then proceed into the intersection until he could do so safely. (*Ritter v. Nieman,* 329 Ill. App. 163, 171.) In *Partridge v. Enterprise Transfer Co.,* 307 Ill. App. 386, the giving of an instruction very similar to this instruction was held not subject to the criticism there urged against it. The facts in the *Partridge* case are not similar to the facts in the instant case. The duty of the driver of the Flanagan car under our statute was to stop and having stopped to then yield the right of way. Under the evidence in the instant case this tenth instruction should not have been given.

Count two of the counterclaim alleged that as a result of the collision, James Edward Flan-

agan, Sr. suffered personal injuries to his brain, body, head and nervous system, that he had expended large sums of money for hospital, medical and nursing care and demanded judgment in the sum of $5,000 therefor. The third count made the same allegations and demanded judgment in a like amount on behalf of Bernice Cameron Flanagan. Upon the trial, Mrs. Flanagan testified: "My eyeballs were cut. There was glass in my eye which came from the broken glass in the window of our car. They took me in an ambulance to the hospital and x-rayed my side. I was in agony with my side and my left leg was hurt. On Thursday after the accident my breast was so bad I had to have a doctor tape it up. My breast was taped for two weeks. They x-rayed me at the hospital and tried to wash the glass out of my eye and they released me and I went home about one-thirty in the morning. For three weeks following the accident I sat up in bed with pillows behind me because my breast and shoulders hurt me so badly." Mr. Flanagan testified: "When the car was turned over I was conscious for two or three minutes and somebody pulled me out of the car and I had injuries on the left side of my head, a big bump back of my left ear and my left eye was cut and I had injuries to the right and left side of my neck, the muscles and nerves were injured; my left leg, upper and lower part, and left knee were also injured, also my right arm from the elbow down, including my right hand. I also got a bad knock under my right arm here." The jury found the counter-defendant, Ralph Wachsmuth, guilty and assessed Mrs. Flanagan's damages at one dollar and assessed Mr. Flanagan's damages at a like sum. Ordinarily a defendant does not complain about a judgment against him being for too small an amount. A defeated party cannot be heard to say that the judgment is for a less amount than the evidence warranted. In the instant case Mr. and Mrs. Flanagan are not complaining and made no motion for a new trial and have assigned no cross-errors. They

are satisfied with the judgments rendered by the trial court. Whether the jury compromised the issue of liability with the issue of damages we do not know. The verdict which was returned by the jury found Mr. and Mrs. Flanagan in the exercise of due care, free from contributory negligence and the counter-defendant guilty of the negligence charged. Two dollars can hardly be said to be a fair estimate of the damages which these two counter claimants sustained. These facts tend to show that this case did not receive the consideration of the jury which it should have had and in our opinion the issues should be submitted to another jury.

For the reasons stated the judgments appealed from are reversed and this cause is remanded for another trial.

*Reversed and remanded.*