Primus Jeffrey, Lorene Jeffrey, Mary Alice Lee and Frances Kay Lee, and Rhima Louise Lee, Minors, by Their Mother and Next Friend, Mary Alice Lee, Plaintiffs-Appellants, v. Chicago Transit Authority, a Municipal Corporation, Defendant-Appellee.

Gen. No. 48,590.

First District, Third Division.

October 3, 1962.

 

Gomberg, Missner & Lacob, of Chicago (Sidney D. Missner, of counsel), for appellants.

Wm. J. Lynch and Wm. S. Allen, of Chicago (Frederic O. Floberg, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

In this personal injury case arising from a rear end automobile collision, a jury found in favor of the five plaintiffs but awarded them no damages. The questions to be determined are the propriety of such verdicts and the correctness of the court's instruction: ". . . if you find there is no damage to the plaintiffs, then you will indicate on the verdict, 'We, the jury, find for the plaintiff with no damages.' "

An automobile driven by Primus Jeffrey stopped for a red light at Michigan Avenue and 20th Street, Chicago, on March 14, 1955. A Chicago Transit Authority bus also stopped for the red light, about three feet behind the Jeffrey auto. The bus driver dropped a coin and as he reached to pick it up from the floor, his foot slipped from the brake and the bus, which had an automatic transmission, rolled into the Jeffrey auto. The bumpers hooked together. Jeffrey, the bus driver and a third man disengaged them and the vehicles went on their way.

Jeffrey's wife, Lorene, was in the front seat with him and she held an infant, Rhima Lee, on her lap. The infant's mother, Mary Lee, was in the rear seat with another daughter, Frances, two years old. Jeffrey testified that his shoulder and back were injured, that he was out of work for two weeks and that he

328

was under a doctor's care for several weeks. Lorene Jeffrey testified that she was knocked against the dash board, that her back and legs were injured and that they still pained her at the time of the trial in 1961. She said the baby fell to the floor. A doctor, who treated all the plaintiffs, testified that the baby had multiple contusions. Mary Lee testified that the impact threw her against the front seat and to the floor; that her back and shoulder were injured, her glasses broken, her eyebrow cut and that she suffered headache and dizziness. She said her daughter Frances received a bruised forehead and knee and a cut lip.

▮ The trial was free of error and the verdicts were not influenced by passion or discernible prejudice. Complaint is made of the court's instructions but, with the exception of the one informing the jury that it could find "no damages," they were not objected to in the trial court. Objections to instructions will not be considered when made for the first time on review. Bucyma v. Rizzo Bros., Movers, Inc., 31 Ill App2d 31, 175 NE2d 640. However, an examination of these instructions reveals no misstatement of law which could have caused the inconsistent verdicts.

▮ The plaintiffs' own evidence is the only explanation of the result. Their testimony was self-contradictory and was, in some material matters, impeached. The jury could have found them unworthy of belief and their injuries feigned. The testimony of their doctor, which corroborated them, was such that the jury could have given it little credence. The bills he submitted were in part for admittedly anticipated services which were not performed, and all of them, totaling $565 had been sent not to the plaintiffs but to their attorney, whom the plaintiffs saw in his office the day after the accident. Jurors are the sole judges of the credibility of witnesses and the weight to be given to their testimony. The jury's incredulity

329

confirmed the opinion of the court who said during a conference outside the presence of the jury: "I don't think anybody was hurt."

This case must be distinguished from those where verdicts have been returned for plaintiffs with damages unassessed, or the damages assessed are inadequate, or the verdicts are contradictory and must be interpreted, or are compromises between the guilt of defendants and the damages sustained by plaintiffs. Kimmel v. Hefner, 36 Ill App2d 137, 183 NE2d 13; Adkins v. Blue Bird Coach Lines, Inc., 27 Ill App2d 34, 169 NE2d 368; Kinsell v. Hawthorne, 27 Ill App2d 314, 169 NE2d 678; Wachsmuth v. Flanagan, 335 Ill App 311, 81 NE2d 769; Springer v. Yellow Cab Co., 328 Ill App 354, 65 NE2d 482; Chapin v. Foege, 296 Ill App 96, 15 NE2d 943; Kilmer v. Parrish, 144 Ill App 270. Here the jury, although instructed by the court that the defendant was guilty and given but one form of verdict, found that the plaintiffs should have no compensation. It was not an oversight or a mistake; it was the sober judgment of the jury. The immediate problem, therefore, is this: in a negligence case, must damages be given for a legal injury even though no loss or harm has been sustained by the plaintiff?

■ ■ Illinois has long held to the principle of law that every invasion of a legal right calls for some recovery because the law presumes damage. This principle has been applied to actions in tort and contract, to those for assault, for trespass, to compensate for a wrong or to vindicate a right whether the right breached is personal or relates to property. Plumleigh v. Dawson, 6 Ill 544 (1844); McConnel v. Kibbe, 33 Ill 85 (1864); Brent v. Kimball, 60 Ill 211 (1871); Schweer v. Schwabacher, 17 Ill App 78 (1885); VanVelsor v. Seeberger, 35 Ill App 598 (1890); Wertheimer v. Glanz, 277 Ill App 389 (1934).

330

The principle has been extended to negligence cases. In Covenant Club of Chicago v. Thompson, 247 Ill App 122 (1927), it was stated that if a plaintiff makes out a prima facie case of negligence he is entitled to nominal damages. Parke v. Lopez, 306 Ill App 486, 29 NE2d 30 (1940), involved an automobile accident. As in the present case, verdicts were returned which found the defendant guilty but which "assessed each of the plaintiffs' trial damages at no dollars and no cents." In granting a motion for a new trial the trial court held that since the jury found for the plaintiffs they were entitled to some damages. The Appellate Court affirmed.

In Edwards v. Ely, 317 Ill App 599, 47 NE2d 344 (1943), the defendant ran his automobile into the plaintiffs' car while the latter was standing still waiting for a traffic light to change. During the course of the trial the defendant admitted his liability but contended that the plaintiffs were not injured. The trial court's instructions submitted to the jury the issue of liability as well as damages and gave the jury both guilty and not guilty verdicts. The jury returned verdicts of not guilty. The plaintiffs' position on appeal was that since the defendant admitted liability they were entitled to some damages. The defendant's position was that proof of actual damages is an essential element in a cause of action for negligence and that, even though he admitted liability, he was entitled to a verdict of not guilty in the absence of proof of actual damages. The Appellate Court held that inasmuch as the defendant had admitted liability the instructions on that subject and the verdicts of not guilty were improper. The court further held that the plaintiffs were entitled to at least nominal damages for the invasion of their rights, and that proof of actual damages was not essential to the cause of action. The court reversed saying that

if upon retrial the defendant again admitted liability the case should be submitted to the jury only on "the issue as to the extent of the plaintiffs' damages, which in any event must be at least nominal damages."

The words "which in any event must be at least nominal damages" epitomize the present rule of law in Illinois. This rule has been developed in the Appellate Court and we believe it should be re-examined. The re-examination takes on increased importance in view of the current trend in negligence cases toward the separation of the issues of liability and damages— where the former must be determined before the latter need be tried.

In reaching its conclusion, the court in Edwards v. Ely relied in part upon Covenant Club of Chicago v. Thompson, supra, which was an action on the case. This spotlights the course of the law in Illinois. At common law the action of trespass carried with it the right of redress. When the action of trespass on the case was introduced the compensation-for-every injury concept gave way to proof of actual damage before a recovery was permitted. Negligence actions evolved from actions on the case, therefore, proof that damage was really sustained should be necessary in such cases. Prosser, Law of Torts (1955), 2nd Ed, p 165. However, in some jurisdictions the rule which prevailed in trespass carried over into actions on the case. Illinois is one of these jurisdictions. The early Illinois cases cited previously in this opinion for the principle of law that every injury imports damage were, for the most part, actions on the case. The next development was, as in Edwards v. Ely, the application of the rule to negligence actions.

In other jurisdictions where proof of actual damage is held to be essential in actions on the case, proof of actual damage is likewise held essential in actions based on negligence. These jurisdictions reflect the more normal and logical evolution of the principle that "no

332

one has a cause of action against another for the latter's wrongful act unless he is injured by it." In Trudeau v. Manchester Coal & Ice Co., 89 NH 83, 192 A 491 (1937), the New Hampshire Supreme Court succinctly expressed the principle in a case involving an auto struck in the rear by a truck while it was waiting for a traffic light to change: "Both actions were brought in case. They were brought not to vindicate a right but to recover compensation for negligently inflicted personal injuries and property damage and, consequently, resulting actual damage is an essential element of each. Chesley v. Dunklee, 77 NH 263, 265, 90 A 965. Nominal damages have no place in actions of this sort. Failure on the part of either plaintiff to prove actual damage entitles the defendant to a verdict in the case in which such failure of proof occurs." A case frequently cited is that of Sullivan v. Old Colony Street Ry. Co., 200 Mass 303, 86 NE 511 (1908), where it was stated: "Although there has been negligence in the performance of a legal duty, yet it is only those who have suffered damage therefrom that may maintain an action therefor. Haeven v. Pender, 11 QBD 503, 507; Farrell v. Waterbury Horse R. R., 60 Conn 239, 246, 21 Atl 675, 22 Atl 544; Salmon v. Delaware, Lackawanna & Western R. R., 38 NJ Law 5, 11, 20 Am Rep 356; 2 Cooley on Torts (3d Ed) 791; Wharton on Negligence (2d Ed) § 3. In cases of negligence, there is no such invasion of rights as to entitle a plaintiff to recover at least nominal damages. . . ." In both the Trudeau and the Sullivan cases, as in ours, the jury did not place credence in the plaintiffs' testimony. In Trudeau the court observed: "The only evidence of personal injuries came from the plaintiffs themselves . . . this evidence was not such as to require acceptance, and the jury were not compelled to believe it simply because it was not directly contradicted." In Sullivan it was said: "The plaintiff's

misfortune seems to have been that the jury failed to believe much of his testimony; but this they had the right to do, even where it was uncontradicted."

There are comparatively recent cases following or adopting the same principle of law. In Philips v. Delta Motor Lines, 235 Miss 1, 108 So2d 409 (1959), an auto, stopped at a traffic light, was struck in the rear by a truck. The court held: "Even if the jury found that the truck driver was negligent, a guest in the automobile struck by the truck would not be entitled to recover unless the jury believed from the evidence that she had been injured as the result of the truck driver's negligence." In reaching this decision the majority of the court, according to a minority opinion, overturned the rule which had been adhered to in Mississippi for 75 years. See also Fields v. Napa Milling Co., 164 Cal App2d 442, 330 P2d 459, 68 ALR 2d 1052 (1958), and Kirby v. Carlisle, 178 Pa Super 389, 116 Atl2d 220 (1955). In Hall v. Cornett, 193 Ore 634, 240 P2d 231 (1952), the court enunciated the same principle and indicated it would reconsider when the occasion arose a contrary ruling it made in 1938 in Klein v. Miller, 159 Ore 27, 77 P2d 1103, 116 ALR 820. The Klein case is of particular interest to us because the verdict was identical with the one we are considering: "We, the jury . . . find for the plaintiff and assess his damages at the sum of $no damages." In the Klein case the trial court granted a new trial. The Supreme Court affirmed, holding that the verdict was neither for the plaintiff nor for the defendant and therefore was no verdict at all.

Thus, both the historical transition of the law and its re-evaluation in those states which had not followed the transition, favor the requirement of actual damage in negligence cases. This view is also supported by writers on the subject. Oleck, in Damages to Persons and Property (1957) presents the thought

in two forms: "It is necessary to show harm in a claim for negligent interference with a person or with personal property. . . ." (section 67), and "In negligence matters, the presence of damage in fact very generally is viewed as an inherent part of the substantive right. If no actual damage can be shown, no legal wrong is shown, and no award (not even of nominal damages) is proper. . . ." (section 75). Dean Prosser states: "Nominal damages to vindicate a technical right, cannot be recovered in a negligence action, where no actual loss has occurred." He then lists the elements necessary to a cause of action based on negligence and includes, "d. Actual loss or damage resulting to the interest of another." Prosser, Law of Torts (1955), 2d Ed, p 165.

The wisdom of the last requirement is exemplified by the present case. If the jury did not disbelieve the plaintiffs and if their evidence was not discredited we presume verdicts would have been returned commensurate with their testified pains and losses. Certainly the verdicts would not have been for "no damages." If because of these verdicts the trial judge, despite his own and the jury's opinion that the plaintiffs were not hurt, had adhered to the rule that every breach of a defendant's duty must bring a monetary recovery of some sort irrespective of personal harm or pecuniary loss, he would have had to order a new trial, and maybe another and another. Outside of preserving the legal fiction of nominal damages what real wrong would this remedy, what justice would this accomplish in this negligence case? To paraphrase the opinion of Justice Cooley in Post v. Campau, 42 Mich 90, 3 NW 272 (1879), (written in a breach of contract case where nominal damages were demanded): "It would give no substantial redress; it would establish no right for future protection; it would not operate by way of warning; it would tax

335

the public and tax the time and attention of courts in enforcing an injury which existed only in the imagination."

██ We believe the rule that there must be at least nominal damages in negligence cases is unrealistic. The damage awarded should be for the harm suffered not for the unintentional tort committed. We hold if a defendant's liability is established, a plaintiff must prove actual damage before he can recover.

██ The instruction that the jury could find there was no damage was not directional. It was a proper instruction considering the facts of the case and the other protective instructions on damages.

The judgment of the Municipal Court is affirmed.

Affirmed.

SCHWARTZ and McCORMICK, JJ., concur.