SAMUEL CROSBY, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO, Defendant-Appellee.

(No. 56526;

First District (1st Division)—April 16, 1973.

*Supplemental opinion upon denial of rehearing June 4, 1973.*

Thomas P. Stillman and David N. Cook, both of Mandel Clinic—Legal Aid Bureau, of Chicago, for appellant.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Richard F. Friedman, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In this action for damages for an allegedly unlawful detention of an automobile, Samuel Crosby (plaintiff) appeals from a judgment entered in favor of the City of Chicago (defendant) after trial by the court. After the filing of plaintiff's amended complaint, alleging wrongful detention of the car, the City filed an answer in which it admitted that plaintiff

was the lawful owner of the automobile; denied that plaintiff was damaged by loss of earnings of $25 per day or by assessment of towing and storage charges as he had alleged and denied that the detention was wrongful. The answer also averred that the automobile had been released by the City to the sheriff of Cook County on November 30, 1971, pursuant to section 36—1 of the Criminal Code. Ill. Rev. Stat. 1969, ch. 38, par. 36—1.

Plaintiff filed a motion for judgment on the pleadings as to the issue of liability. However, the court denied this motion; and, after hearing the evidence, found defendant not guilty.

Plaintiff urges that his vehicle was wrongfully detained because the police violated the applicable statute and also that the statute in question is unconstitutional. The City contends that plaintiff failed to prove the amount of his damages and that the constitutional objections to the statute have been decided contrary to plaintiff's contentions and are of no relevance. In his reply brief, plaintiff urges that he is entitled at least to nominal damages and that actual damages were properly proved.

The evidence, which comes before us by virtue of a stipulated bystander's report of proceedings, showed that on September 22, 1970, plaintiff's automobile was seized by the City Police Department. It has been identified by license number and physical description as having been used in an armed robbery. Plaintiff made numerous unsuccessful attempts to obtain return of the vehicle from the police. Plaintiff was never arrested and was never charged with any crime in connection with the incident. On September 29, 1970, plaintiff received a letter from the police advising that he could obtain his automobile if he paid a towing fee of $20 and a storage charge of $2 per day. Plaintiff went to the automobile pound and offered to pay the charges but was told that the car could not be released. The evidence does not disclose if plaintiff ever received return of the automobile.

■■ The vehicle was seized by the police on September 22, 1970. Under the applicable statute, it was their duty to deliver it "forthwith" to the sheriff of Cook County. The sheriff would then be obliged to notify the State's Attorney of Cook County concerning this seizure within 15 days. Upon such notice, the State's Attorney would have investigated the facts and then would either have returned the automobile to plaintiff or filed a forfeiture action for seizure and confiscation of the vehicle in the circuit court. (Ill. Rev. Stat. 1971, ch. 38, par. 36—1, 36—2.) The vehicle here was simply held by the police and not delivered to the sheriff. In view of this violation of the statute, the detention was unlawful.

The sole remaining issue on the merits of the case is whether or not

plaintiff has properly proved damages resulting from the wrongful detention.

■■ It is the law of Illinois that in a case of this type, where plaintiff's claim is for detention of a chattel, the proper measure of damages is "* * * the reasonable value of the use during the period of wrongful detention." (*Cottrell v. Gerson*, 371 Ill. 174, 182, 20 N.E.2d 74.) See also *National Contract Purchase Corp. v. McCormick*, 264 Ill.App. 63, where this court, in an automobile detention case, allowed plaintiff only the net or excess amount by which the actual cost of hiring a substitute vehicle exceeded plaintiff's cost of driving the detained car. There is no evidence here that plaintiff ever hired another vehicle and no evidence of the fair and reasonable cost of doing so. The proper measure of damages is thus not alleged in the amended complaint and not established by any proof.

The amended complaint alleges as elements of plaintiff's damages only a loss of earnings and billing of storage and towing charges to him. The matter of loss of earnings is not within the scope of the measure of damages for this tort and no special circumstances appear which would cause such loss to be germane. In addition, the evidence regarding this element raised an issue of fact. Plaintiff testified that he was employed by a life insurance company as a salesman and collector. This job paid him $125 per week. He further testified that he attempted to continue his employment by using taxicabs and public transportation but was unable to do so. Therefore, he left his employment after two weeks and was unable to find other work until the end of November. On the contrary, there is evidence by a police officer that plaintiff told him he was unemployed and looking for work on the date of the robbery which was September 10, 1970. Plaintiff denied this statement. A finding by the court that this evidence was insufficient proof of claimed damages was not contrary to the manifest weight of the evidence. *Cook Electric Co. v. Kolodny*, 1 Ill.App.3d 181, 183, 273 N.E.2d 674.

As regards the alleged charges for towing and storage, there was no evidence that plaintiff ever paid these charges. Plaintiff's attorney was told that plaintiff would be billed for these amounts and at one time a tender of charges by plaintiff to the police was rejected. There is no evidence that any charges were ever paid by plaintiff or by any other person. Consequently, we are in accord with the result reached by the trial court that there was a complete failure of proof as regards damages to plaintiff.

However, counsel for plaintiff urges that his client is entitled to nominal damages without the need of proof. In the early days of the law, the principle became fixed that, "The law infers damage from every

infringement of a right." (*McConnel v. Kibbe*, 33 Ill. 175, 178.) Learned text writers followed this same principle. In the fourth edition of Sutherland on Damages, volume 1 at page 36, we find the following rule expounded:

"The principle that for the violation of every legal right nominal damages at least will be allowed applies to all actions, whether for tort or breach of contract, and whether the right is personal or relates to property."

■■ This rule has been expressly abandoned in Illinois in actions predicated upon negligence. It is presently the law of Illinois that a plaintiff must prove actual damage in a negligence case before he can recover. See *Jeffrey v. Chicago Transit Authority*, 37 Ill.App.2d 327, 336, 185 N.E.2d 384, and note especially the concise statement of the old principle in 37 Ill.App.2d at page 330. The most recent authority which we find upon this subject states that where there was no proof of actual damage in a case involving trespass upon real estate, the court should award nominal damages. (*Wetmore v. Ladies of Loretto, Wheaton*, 73 Ill.App.2d 454, 467.) We will follow this rule in the case at bar. We will reverse the judgment in favor of defendant and remand the cause to the trial court with directions for the entry of judgment in favor of plaintiff and against defendant for nominal damages.

■■ We state expressly that we are not passing upon any of the constitutional questions raised by plaintiff. Such issues should not be entertained where the cause can be determined on other grounds, as in the case at bar. *People v. Fleming*, 50 Ill.2d 141, 144, 277 N.E.2d 872; *Stigler v. City of Chicago*, 48 Ill.2d 20, 22, 268 N.E.2d 26.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and EGAN, J., concur.

## SUPPLEMENTAL OPINION

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

In a petition for rehearing, defendant has urged that we apply the rule in *Jeffrey v. Chicago Transit Authority*, 37 Ill.App.2d 327, 336, 185 N.E.2d 384, and deny nominal damages. The argument is raised that allowance of nominal damages would bring us back to the old distinction between the ancient forms of trespass and trespass on the case. In support of this position, defendant cites *Kane v. Nomad Mobile Homes, Inc.*, 84 Ill. App.2d 17, 228 N.E.2d 207, to the effect that an action cannot be maintained for an injury without damage. *Kane* involved application of section 50(2) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par.

50(2)) to a case in which a jury returned a verdict of no damages as to Count I of a complaint involving breach of contract and allowed substantial damages on Count II involving a tort action against other defendants for procuring a breach of the contract. This court held that the verdict of no damages without the entry of judgment did not constitute a valid judgment so that the case remained pending as to Count I. The decision is not applicable here.

■■ After careful consideration, we adhere to the allowance of nominal damages. We do this not because of any desire to maintain or preserve ancient forms. We find it practical and desirable as well as progressive to preserve the distinction between torts involving negligence, as in *Jeffrey*, and intentional torts as reflected in the case at bar. It seems fair and proper to vindicate plaintiff's property rights in a valuable and useful chattel against intentional violation thereof even though plaintiff failed to introduce proper evidence of actual damages. We would classify a citizen's right to use, possession and enjoyment of his automobile against intentional interference in the same important category as his right to maintain his real estate from intentional trespass as in *Wetmore v. Ladies of Loretto, Wheaton*, 73 Ill.App.2d 454, 467, 220 N.E.2d 491, or his reputation from intentional destruction as in *Lorillard v. Field Enterprises, Inc.*, 65 Ill.App.2d 65, 78, 213 N.E.2d 1. In all of these instances, the law should grant protection and vindication by allowance of nominal damages. The distinction lies in the infliction of intentional wrong by the tort-feasor not present in *Jeffrey* but apparent in the case at bar. Consequently, we will not modify the result reached in the original opinion. The petition for rehearing is denied.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and EGAN, J., concur.