JIL ROCKEY, Plaintiff-Appellant, *v.* ASSOCIATES FOR ORAL SURGERY, LTD., Defendant-Appellee.

First District (1st Division)  No. 76-1285

Opinion filed February 27, 1978.

Lawrence L. Kotin, Robert G. Peterson, Dom J. Rizzi, and Michael W. Rathsack, all of Lawrence L. Kotin, Ltd., of Chicago, for appellant.

Francis D. Morrissey, Thomas R. Nelson, J. Patrick Herald, and John T. Rank, all of Baker & McKenzie, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff Jil Rockey sued defendant Associates for Oral Surgery, Ltd. for alleged injuries suffered when an improperly fitting denture was placed in her mouth. Plaintiff alleged that defendant negligently mistook the denture of another patient for plaintiff's and attempted to fit her with it. As a result, plaintiff alleged that she was forced to go through the pain and inconvenience of having a new denture made and was unable to work for one week.

During the jury trial, plaintiff's motion for a directed verdict was denied. When the jury rendered a verdict in defendant's favor, plaintiff made a motion for judgment notwithstanding the verdict. This motion was also denied.

On appeal, plaintiff argues that the trial court improperly denied her motions for a directed verdict and judgment notwithstanding the verdict. Plaintiff requests that the judgment of the trial court be reversed and the cause remanded for a new trial.

We affirm.

Plaintiff Jil Rockey was to obtain a set of dentures for her upper jaw. Her family dentist, Dr. Knickels had an upper denture made. Dr. Knickels gave the denture to plaintiff and sent her to defendant Associates for Oral Surgery, Ltd., in order to have it placed in her mouth.

Plaintiff arrived at defendant's office with the denture in her purse. Once there, she handed the denture to a receptionist who escorted her to an operating room.

Dr. Gerald Spinazze, who was on duty that day, testified that the usual procedure was to take the denture to the laboratory for sterilization and then place it on a surgical tray in the operating room. While there were three operating rooms, there was no special procedure to insure that dentures were taken to the correct operating room.

Thereafter, Dr. Sorensen extracted 10 or 11 teeth from plaintiff's upper jaw and then attempted to place the denture in her mouth. Despite drilling on the denture in order to improve its shape, the denture would not fit. Dr. Sorensen then trimmed some of the bone in plaintiff's mouth, but still failed to get a good fit. He told plaintiff that it must have been the wrong denture and instructed her to return to Dr. Knickels.

When plaintiff returned to the office of Dr. Knickels, he stated that the denture now in her possession was not the same one he had given her. He testified that the original denture was a plastic plate with acrylic teeth and a high vault. The denture now in plaintiff's possession was larger, had porcelain teeth and a flat vault.

Dr. Knickels immediately took a new impression of plaintiff's mouth and obtained a temporary denture. Dr. Knickels fitted the new denture in plaintiff's mouth approximately one week later. During this time plaintiff

was unable to work and lost $175 in earnings. Plaintiff testified that this new temporary denture also did not fit properly. She further testified that the permanent denture, with which she was fitted by Dr. Knickels eight or nine months later, also did not fit properly and "would fall off whenever I bit on the right side."

Dr. Spinazze of defendant Associates for Oral Surgery testified that it is not unusual for a denture not to fit and Dr. Knickels testified that it is not unusual to take second impressions of a patient's mouth when a first denture does not fit.

It is plaintiff's theory that her denture was somehow "switched" with that of a Mr. Green, another of defendant's patients who was also being fitted for an upper denture at the same time as plaintiff. Mr. Green's dentures did not fit either and Dr. Spinazze testified that it was very unusual to have two patients at defendant's offices at the same time, where neither set of dentures would fit correctly.

During trial, defendant admitted fitting plaintiff with the wrong denture. At the close of all the evidence, plaintiff moved for a directed verdict. The motion was denied and the jury subsequently rendered a judgment for defendant. Plaintiff's subsequent motion for a judgment notwithstanding the verdict was denied.

On appeal, plaintiff argues that the motions for a directed verdict and for judgment notwithstanding the verdict were improperly denied. Consequently, plaintiff requests that the judgment of the trial court be reversed and remanded for a new trial.

■■ We disagree. It is well-established Illinois law that a reviewing court should not substitute its judgment for that of a jury which has heard witnesses, weighed evidence, and drawn inferences, merely because the judgment of the reviewing court would have been different. (*Koris v. Norfolk & Western Ry. Co.* (1975), 30 Ill. App. 3d 1055, 333 N.E.2d 217.) Also, directed verdicts and judgments *n.o.v.* should be entered only in those cases where all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict can stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) Under the facts in this case, we cannot say that the evidence so overwhelmingly favored plaintiff.

■■ While defendant admitted that the wrong denture was put in plaintiff's mouth, this fact alone, is insufficient to establish defendant's liability. The jury may have concluded that the inadvertent switching of the denture was not negligence. However, even if the jury concluded that defendant was negligent, they may have further concluded that such negligence was not the proximate cause of plaintiff's injury. The jury heard testimony that dentures do not always fit properly in patients' mouths. They also heard plaintiff testify that the permanent denture she

now wears also does not fit properly. Thus, the jury may have concluded that even if the correct denture had been placed in plaintiff's mouth, it probably would not have fit. In such case, plaintiff would suffer the same injury as she alleged here, namely, having to make new impressions and being unable to work for a week. Consequently, a verdict for defendant would be proper and would be consistent with *Feldman v. Fitzpatrick* (1973), 11 Ill. App. 3d 617, 624, 297 N.E.2d 264, 269, wherein the court held that "plaintiff [has] the burden to establish a causal relationship between defendant's negligence and his injury by the preponderance of evidence and with reasonable certainty."

Lastly, the jury may have concluded that plaintiff suffered no injuries. In *Jeffrey v. Chicago Transit Authority* (1962), 37 Ill. App. 2d 327, 185 N.E.2d 384, the court held that plaintiff must prove actual damages in order to recover in a negligence case. For the reasons stated above, the jury may have concluded that the injuries alleged by plaintiff were not injuries at all, but rather, were merely the inconveniences that most people suffer when obtaining new dentures. Thus, even if defendant were negligent, no injuries resulted and plaintiff cannot recover.

Accordingly, because the evidence presented in this case does not meet the standard set out in *Pedrick*, the verdict must stand.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.