No. 2--99--0134 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Lee County.

)

Plaintiff-Appellee, )

) No. 98--CF--52

v. )

)

MICHAEL ADAMS, ) Honorable

) David T. Fritts,

Defendant-Appellant.  ) Judge, Presiding.

_________________________________________________________________

JUSTICE RAPP delivered the opinion of the court:

Defendant, Michael Adams, pleaded guilty to burglary (720 ILCS 5/19--1(a) (West 1998)) and was sentenced to four years' imprisonment.  Later, upon the State's complaint, the trial court ordered the forfeiture of defendant's 1987 Oldsmobile station wagon (vehicle).  See 720 ILCS 5/36--2 (West 1998).  Defendant appeals the forfeiture order, arguing that (1) the Dixon police, after seizing the vehicle, failed to "deliver" it to the Lee County sheriff (see 720 ILCS 5/36--1 (West 1998)); and (2) the State failed to prove that the vehicle was used "in the commission" of his crime (720 ILCS 5/36--1 (West 1998)).  We affirm.

The factual basis for defendant's plea was as follows.  On March 9, 1998, defendant entered the "office area" of a Shell gas station.  He was not authorized to do so.  Once inside, defendant took some receipts containing various credit card numbers.  He used those numbers to charge the tolls of calls to telephone "chat lines."

In its complaint for forfeiture, the State alleged that defendant owned the vehicle and used it to commit his burglary.  At the hearing on that complaint, Clay Whelan, a Dixon police officer, testified as follows.  Defendant's crime was recorded by a surveillance camera.  When the police confronted him, defendant confessed that he had driven the vehicle to the gas station.  Pursuant to a warrant, the police searched the vehicle but found no evidence therein.  A title search revealed that defendant was the sole owner of the vehicle and that defendant's interest was unencumbered.  The police seized the vehicle and kept it "at a facility owned by the City of Dixon."  The vehicle remained there through the day of the hearing.

Defendant testified that, although the vehicle was titled in his name alone, his wife relied heavily on the vehicle and could not afford to replace it.

The following conversation occurred among the court, defendant, and Assistant State's Attorney Ronald Jacobson:

"THE COURT: Have they changed the law [so that] the vehicle [that] has been seized doesn't have to be turned over to the Sheriff any longer?

MR. JACOBSON: I don't know, Judge, if it has or not.  I know in this case the Dixon Police Department notified [the] Sheriff *** on March 12 [of 1998] that the vehicle had been seized ***.  On March 13 [the] Sheriff notified Mr. Adams of the fact [that] the vehicle had been seized and the papers had been forwarded to the State's Attorney's office for consideration of filing [a] complaint for forfeiture.  I don't know if [the vehicle] actually technically has to get in the Sheriff's Department['s] hands.  I know the possession is steered by the Sheriff's Department.

* * *

MR. JACOBSON: *** I would argue [that] the fact that the Dixon Police Department has custody of [the vehicle] doesn't abrogate the intent of the statute because [the required] notices were given by the Sheriff *** to Mr. Adams.  I would argue that it is just a matter of convenience for the police department *** to [retain] custody of the vehicle even though the Sheriff's Department is in the driver's seat as far as the forfeiture is concerned.

* * *

THE COURT: Mr. Adams, did you receive [the sheriff's notice] while you were at the county jail?

* * *

MR. ADAMS: Yes."

The court ruled that defendant was the sole owner of the vehicle and that he used it in the commission of his burglary.  Therefore, the court entered an order of forfeiture, and defendant appealed.

Initially we address the State's request that we dismiss this appeal because defendant's brief does not comply with Supreme Court Rule 341 (177 Ill. 2d R. 341).  As the State points out, defendant's statement of facts contains no citations to the record (177 Ill. 2d R. 341(e)(6)), and his argument contains no citations to authorities (177 Ill. 2d R. 341(e)(7)).  We observe that defendant is 
pro se
, but "a 
pro se
 litigant must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard to 
pro se
 litigants."  
People v. Fowler
, 222 Ill. App. 3d 157, 165 (1991).

Nevertheless, we will not dismiss an appeal for briefing deficiencies "if a reading of the entire brief makes it possible for the court to determine the questions or issues sought to be raised."  
People ex rel. Carter v. Touchette
, 5 Ill. 2d 303, 305 (1955).  Despite defendant's violations of Rule 341, we are fully capable of understanding his arguments.  Therefore, we decline to invoke the harsh sanction of dismissal.

The State further argues that defendant waived his current claims by failing to raise them in the trial court.  At the hearing, the trial court obviously considered both issues; therefore, we presume that the State is suggesting that defendant's waiver stems from his failure to raise them in a postjudgment motion.  See 
People v. Enoch
, 122 Ill. 2d 176, 186 (1988) (cited here by the State).  However, a forfeiture proceeding is characterized as civil (
People v. 1991 Chevrolet Camaro
, 251 Ill. App. 3d 382, 386 (1993)), and, in a civil nonjury case, the failure to file a postjudgment motion does not limit the scope of appellate review (155 Ill. 2d R. 366(b)(3)(ii)).  Because these issues were at some point presented to the trial court, the waiver rule does not apply.  See 
In re Marriage of Mohr
, 260 Ill. App. 3d 98, 101 (1994).  We now address the merits of this appeal.

According to section 36--1 of the Criminal Code of 1961 (Code), if a vehicle is "used with the knowledge and consent of the owner in the commission of" a burglary, the vehicle "may be seized and delivered forthwith to the sheriff of the county of seizure."  720 ILCS 5/36--1 (West 1998).  "Within 15 days after such delivery," the sheriff must notify the local State's Attorney and each person who has a recorded interest in the vehicle.  720 ILCS 5/36--1 (West 1998).  Then, under section 36--2(a) of the Code,  the State's Attorney must promptly commence an action for forfeiture or else order the remission of the vehicle.  See 720 ILCS 5/36--2(a) (West 1998).

Defendant first argues that, after the Dixon police seized his vehicle, they did not "deliver" it to the Lee County sheriff.  The State concedes that the police did not 
actually
 deliver the vehicle.  However, the State contends that, when the police provided notice of the seizure to the sheriff (who then provided the required notices to defendant and the State's Attorney), the police 
constructively
 delivered the
 vehicle.  Defendant does not disagree, but he asserts that only an actual delivery is a "delivery" under section 36--1.  Because this is an issue of statutory construction, we review it 
de novo
.  See 
In re Marriage of Devick
, 315 Ill. App. 3d 908, 915 (2000).

As defendant points out, 
"[t]he law generally disfavors forfeitures, and 'statutes authorizing them must be construed strictly in a manner as favorable to the person whose property is seized as is consistent with fair principles of statutory interpretation.' "  
People v. 1991 Chevrolet Camaro
, 251 Ill. App. 3d 382, 388 (1993), quoting 
People v. United States Currency $3,108
, 219 Ill. App. 3d 441, 446 (1991).  Obviously, defendant's construction of section 36--1 is the one most favorable to him.  However, "[t]he 
primary object of statutory interpretation is to give effect to the intent of the legislature," and we must presume that "the legislature did not intend an absurd result."  
People v. Lowe
, 153 Ill. 2d 195, 201 (1992).  
Because defendant's construction would create such absurdity, we decline to adopt it.

In enacting sections 36--1 and 36--2, the legislature ordered a progression of authority over the forfeiture process.  The vehicle is seized (presumably) by the police, who "deliver" the vehicle to the sheriff, who notifies the State's Attorney, who commences the action for forfeiture.  The purpose of each step is to permit the completion of the subsequent step.  Thus, the vehicle must be "delivered" only so that the sheriff may provide the required notices.  Because a constructive delivery fully enables the sheriff to do so, we see no reason to require an actual delivery.

Indeed, this case demonstrates the absurdity that would stem from a contrary holding.  Here, it is apparent that the progression of authority occurred just as the legislature intended.  Defendant committed his crime on March 9, 1998; only four days later, the police had seized his vehicle and notified the sheriff, and the sheriff had notified defendant and the State's Attorney.  Although the police retained the actual possession of the vehicle, they clearly surrendered to the sheriff the control of the vehicle for the purposes of this process.  Nevertheless, according to defendant's construction of section 36--1, the forfeiture was invalid merely because the vehicle was not physically transferred from a city facility to a county facility.  We cannot imagine that the legislature intended such a result.

The case most nearly on point, 
Crosby v. City of Chicago
, 11 Ill. App. 3d 625 (1973), does not hold otherwise.  There, the police seized the plaintiff's vehicle and retained it for more than a year before releasing it to the sheriff.  The appellate court held that there had been no compliance with section 36--1:

"Under the applicable statute, it was [the police department's] duty to deliver [the vehicle] 'forthwith' to the sheriff of Cook County. *** The vehicle here was simply held by the police and not delivered to the sheriff.  In view of this violation of the statute, the detention was unlawful."  
Crosby
, 11 Ill. App. 3d at 627.

Crosby
, however, is distinguishable.  In that case, the police made no actual delivery, but they also made no constructive delivery.  Therefore, the court had no occasion to determine whether a constructive delivery sufficed under section 36--1.  Here, although the police made no actual delivery, their notice effected a constructive delivery, which we now hold was sufficient.

Defendant's second argument is that the State failed to prove that he used his vehicle "in the commission of" his crime.  The State had to make that showing by a preponderance of the evidence.  
1991 Chevrolet Camaro
, 251 Ill. App. 3d at 386.  We will not reverse the trial court's finding unless it is against the manifest weight of the evidence.  
People ex rel. Spencer v. One 1978 Pontiac  Automobile
, 242 Ill. App. 3d 411, 412 (1993).

A vehicle is used "in the commission of" a crime if it "in some way facilitate[s]" the commission of the crime.  
People ex rel. Mihm v. Miller
, 89 Ill. App. 3d 148, 149 (1980).
  We have acknowledged that this definition is "extremely broad."  
People ex rel. Waller v. 1992 Oldsmobile Station Wagon
, 265 Ill. App. 3d 93, 96 (1994).

Here, Whelan testified that defendant admitted driving the vehicle to the gas station.  That unrebutted evidence carried with it the obvious inference that defendant also drove the vehicle 
from
 the gas station.  We agree with the trial court's conclusion that the vehicle facilitated defendant's crime.

In 
People ex rel. Hanrahan v. One 1965 Oldsmobile
, 52 Ill. 2d 37 (1972), 
rev'd on other grounds sub nom.
 
Robinson v. Hanrahan
, 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct. 30 (1972), the State alleged that a vehicle was used in an armed robbery.  The evidence reflected that two men robbed a store, got into the vehicle, and drove away.  In affirming the forfeiture of the vehicle, the supreme court ruled that the vehicle facilitated the commission of the robbery and, indeed, "was an integral part of the crime."  
One 1965 Oldsmobile
, 52 Ill. 2d at 44.

Similarly, although defendant's vehicle did nothing more than transport him to and from the crime scene, it clearly facilitated the burglary.  The vehicle ensured that, when a Shell employee entered the "office area" and discovered that some receipts were missing, defendant would be a significant distance away.  Furthermore, because most people patronize gas stations for purposes related to their automobiles, the vehicle enabled defendant to resemble a conventional customer and thereby minimize suspicion.  Thus, we conclude that defendant's vehicle made his burglary less difficult than it otherwise would have been.  The trial court's ruling that the vehicle was used in the burglary is not against the manifest weight of the evidence.

A final note is warranted.  In the concluding section of his brief, defendant suggests that we should order the release of the vehicle to his wife.  Under section 36--1, if the spouse of the owner of a seized vehicle shows "that the seized vehicle is the only source of transportation and it is determined that the financial hardship to the family as a result of the seizure outweighs the benefit to the State from the seizure, the vehicle may be forfeited to the spouse." 720 ILCS 5/36--1 (West 1998).  However, the provision does not apply if the vehicle was seized for a violation of any section of the Code other than section 9--3 (720 ILCS 5/9--3 (West 1998)).  720 ILCS 5/36--1 (West 1998).  Because defendant's vehicle was seized for a violation of section 19--1 of the Code, we need not consider defendant's suggestion any further.

For these reasons, the judgment of the circuit court of Lee County is affirmed.

Affirmed.

BOWMAN and O'MALLEY, JJ., concur.