**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 190093-U

Order filed May 11, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) | |
| | ) | Appeal No. 3-19-0093 |
| v. | ) | Circuit No. 15-CF-726 |
| | ) | |
| JOHNNIE LEE SIMS, | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE McDADE delivered the judgment of the court.
Presiding Justice O'Brien and Justice Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court allowed defendant a meaningful opportunity to respond to the State's motion to dismiss his section 2-1401 petition for relief from judgment.

¶ 2     Defendant, Johnnie Lee Sims, appeals from the Peoria County circuit court's dismissal of his section 2-1401 petition for relief from judgment. Defendant argues that the order dismissing his petition should be vacated and the cause remanded for additional proceedings because the court granted the State's motion to dismiss the petition without giving defendant a meaningful opportunity to respond. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4        Following a jury trial, defendant was found guilty of unlawful possession of a weapon by a felon. 720 ILCS 5/24-1.1(a) (West 2014). Defendant was sentenced to seven years' imprisonment. On direct appeal, we affirmed defendant's conviction. *People v. Sims*, 2019 IL App (3d) 170417.

¶ 5        On October 29, 2018, defendant filed a petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)) as a self-represented litigant. In the petition, defendant alleged that the State (1) knowingly presented perjured testimony of a witness; (2) violated *Brady v. Maryland*, 373 U.S. 83 (1963) when it failed to present the felony conviction records of a witness; (3) failed to proffer its expert witnesses' opinion and presented the expert witnesses' perjured testimony; and (4) misled the court and jury by presenting evidence of defendant's lawful acts as unlawful.

¶ 6        On November 8, 2018, defendant filed a motion requesting to substitute Judge John P. Vespa, who presided over defendant's trial. Defendant planned to call Judge Vespa as a witness during the section 2-1401 proceedings and asked that a different judge preside over these proceedings to avoid a potential conflict.

¶ 7        On November 30, 2018, the State filed a motion to dismiss defendant's petition.[1] The State argued that defendant failed to (1) show that inconsistent testimony amounted to perjury that would have precluded his conviction, and thus lacked merit; (2) support his allegation that the State did not tender impeachment evidence to counsel with any evidence or affidavit, or show that the impeachment evidence would have been admissible; (3) support his claim that the State

---

[1]We note that the State filed its reply after the 30-day requirement. See *People v. Dalton*, 2017 IL App (3d) 150213, ¶ 33. However, neither party raised this issue in the circuit court nor raises an issue with it on appeal.

failed to disclose its expert witness opinion to counsel; and (4) support his claim that the State presented evidence of his prior gun possession as illegal or how the evidence would have precluded his conviction. The State sent defendant notice of its motion to dismiss with a certificate of service.

¶ 8    On December 26, 2018, defendant filed a "Motion for Reconsideration of Defendant[']s Substitution of Judge as Matter of Right" and a "Motion to Stay the People's Response to Defendant[']s 2-1401 Petition." Defendant alleged that he "file[d] a motion for substitution of judge as a matter of right *** prior to the People's filing of its response." Defendant acknowledged that he did not receive an order denying his motion to substitute judge but believed the clerk's office informed him that his motion to substitute judge had been denied. Defendant also requested the court stay the State's response to his section 2-1401 petition pending a decision on his substitution motion. Further, defendant noted that the court had not set a briefing schedule for his petition. Therefore, defendant did not know when "the People's Response motion was due, pursuant to S. Ct. Rule 182." Defendant stated that he "was under the belief that the People's answer or pleading was due within 21 days." Also, defendant did not know when his reply motion was due or when the court scheduled a hearing on the State's motion. Defendant dated his motions December 7, 2018.

¶ 9    On January 11, 2019, Judge Paul Gilfillan issued the order denying defendant's motion to substitute judge and granting the State's motion to dismiss defendant's section 2-1401 petition. Judge Gilfillan found that defendant's motion to substitute judge was moot as the "post-conviction docket judge for the 10th circuit" oversaw defendant's petition and "not judge Vespa." Regarding defendant's section 2-1401 petition, the court found that defendant's claims were

3

"purely conclusory, rebutted by the record, and; a) do not establish by appropriate standard that the State allowed perjured testimony; b) contain no specification as to the witness's alleged prior felony conviction or that the State actually possessed such and failed to turn it over to the defense; and c) contain no specification that actual expert 'reports' exist or that the State possessed same [*sic*] and failed to turn them over to the defense or that the contents thereof would have prevented the entry of judgment herein. The remaining claims of Defendant fail to establish specific allegations establishing the existence of a meritorious claim or newly discovered evidence. Further, Defendant fail[ed] to provide any affidavit or materials not found in the record or submit justification for the failure to do so."

Defendant appeals.

¶ 10                                    II. ANALYSIS

¶ 11        Defendant argues that the circuit court violated his right to due process when it granted the State's motion to dismiss his section 2-1401 petition without giving him a meaningful opportunity to respond. Defendant also contends that he "expected" to have the opportunity to respond to the State's motion to dismiss due to his pending motion to substitute judge.

¶ 12        Initially, we note that the parties agree that we should not consider the merits of defendant's section 2-1401 petition. Defendant reasons that the court denying his right to due process is "inherently prejudicial and undermine[s] the integrity of the proceedings." *People v. Rucker*, 2018 IL App (2d) 150855, ¶ 25. The State, however, asserts that the court did not violate defendant's due process rights. Defendant makes no argument that, absent the alleged procedural error, the court's dismissal of his petition was substantively erroneous.

¶ 13    Section 2-1401 of the Code establishes a statutory procedure that allows for the vacatur of a final judgment that is older than 30 days. 735 ILCS 5/2-1401 (West 2014). Section 2-1401 proceedings are civil in nature and subject to the usual rules of civil practice, which includes Illinois Supreme Court Rule 182(c). See *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). "After notice has been served, the responding party has 30 days to answer or otherwise plead in response to the petition." *People v. Dalton*, 2017 IL App (3d) 150213, ¶ 33. "A motion attacking a pleading other than the complaint must be filed within 21 days after the last day allowed for the filing of the pleading attacked." Ill. S. Ct. R. 182(c). Self-represented litigants " 'must comply with the rules of procedure required of attorneys, and a court will not apply a more lenient standard' " to self-represented litigants. *People v. Adams*, 318 Ill. App. 3d 539, 542 (2001) (quoting *People v. Fowler*, 222 Ill. App. 3d 157, 165 (1991)). A circuit court may dismiss a section 2-1401 petition for want of legal or factual sufficiency. *Vincent*, 226 Ill. 2d at 8. We review *de novo* a claim asserting the denial of due process and the dismissal of a section 2-1401 petition. *Id.* at 18.

¶ 14    In the present case, the statute allowed defendant 21 days from when the State filed its motion on November 30, 2018, to file a response. On December 26, 2018, five days after this time expired, defendant filed two motions, neither of which was responsive to the dismissal motion but which the court considered despite being untimely filed. A total of 42 days elapsed after the filing of the State's motion before the court ruled on any of the pending matters, effectively giving defendant an extra 21 days to respond before his petition was dismissed. Therefore, the court did not deprive defendant of his due process right to a meaningful opportunity to respond to the State's motion to dismiss where the court allowed defendant additional time to respond. *In re D.W.*, 214 Ill. 2d 289, 316 (2005) (The constitutional right to procedural due process entitles an individual to "the opportunity to be heard at a meaningful time

5

and in a meaningful manner.") Whether defendant utilized this opportunity to respond to the State's motion does not impact whether the court gave defendant a meaningful opportunity to respond.

¶ 15    We also reject defendant's argument that his motion to substitute judge tolled the response time. Section 114-5 of the Code of Criminal Procedure of 1963 states that once a defendant files a motion to substitute judge, "the court shall proceed no further in the cause but shall transfer it to another judge not named in the motion." 725 ILCS 5/114-5 (West 2014). Notably, the statute does not state that the parties shall not proceed, only that the court shall not proceed. Here, the court did not proceed on defendant's petition before ruling on his motion to substitute judge. Defendant's belief that the court should stay the State's filing of its response and that the filing of any responsive motion by defendant was not required until after the court's ruling on his motion to substitute was incorrect. Moreover, section 114-5 applies to criminal proceedings. Here, defendant's section 2-1401 petition is governed by the rules of civil procedure, and therefore section 114-5 is inapplicable. See *Vincent*, 226 Ill. 2d at 8.

¶ 16    We note that the purpose of Rule 182(c) is to ensure that a party has sufficient time to respond to a pleading. Ill. S. Ct. R. 182(c). In circumstances where the State has filed a motion to dismiss a defendant's petition, we urge the court to order a hearing and set a reasonable briefing schedule in consideration of the filing obstacles for incarcerated, self-represented defendants. See *Rucker*, 2018 IL App (2d) 150855, ¶¶ 29-30 (The appellate court found that the circuit court deprived defendant of his right to due process when it granted the State's motion to dismiss defendant's petition prior to the 21 days required to allow defendant to respond under Rule 182(a)). When a court fails to exercise best practices and set a briefing schedule, the court risks infringing on a defendant's due process right to respond. See *id.*

¶ 17　　　　　In conclusion, the dismissal of a defendant's petition does not foreclose his ability to supplement potentially meritorious claims. In a civil proceeding, "the trial court should dismiss a cause of action on the pleadings only if it is clearly apparent that no set of facts can be proven which will entitle a plaintiff to recover." *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 488 (1994). Therefore, a State's motion to dismiss should not be granted with prejudice unless there is no possibility that a defendant can state a claim.

¶ 18　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 19　　　　　The judgment of the circuit court of Peoria County is affirmed.

¶ 20　　　　　Affirmed.