William D. Hyatt, Plaintiff-Appellee, v. George Thomas Cox, Defendant-Appellant.

Gen. No. 10,581.

Fourth District.

April 5, 1965.

Rehearing denied and opinion modified
May 4, 1965.

Stifler & Snyder, of Danville, for appellant.

Ralph P. Norton, of Danville, for appellee.

CRAVEN, J.

An action for personal injury and property damage was commenced in the Circuit Court of Vermilion County, alleging injuries received due to the negligence of the defendant in operating his automobile. A jury trial in the Circuit Court resulted in a verdict for the plaintiff in the amount of $20,000. Post-trial motions were denied and judgment was entered on the verdict, from which judgment the defendant appeals.

The defendant, George Thomas Cox, was driving his automobile in a northerly direction on U. S. Highway 41, approaching an intersection near the outskirts of Carbondale, Indiana. As the defendant approached the intersection, he decreased his speed. The plaintiff, William D. Hyatt, was driving a truck-trailer, following the defendant as both vehicles approached the intersection. The defendant continued to decrease his speed as he approached the intersection. When about 300 feet south of the intersection, he eased his right wheels off the pavement and, according to the evidence, used his rear blinker lights to signal a right turn. According to his own testimony, the plaintiff was applying his brakes and sounding his horn as his truck-trailer approached from the rear. He then eased his left front wheels over the center line at a point about 300 feet south of the intersection.

Clement Jones, a witness for the plaintiff, testified that he saw the accident from his porch some 600 feet south of the intersection, and his testimony was substantially the same as that of the plaintiff, including the observation that the defendant used his rear blinker light to signal a right turn.

Stephen Clark, who was 13 years old at the time of the trial, testified for the plaintiff, stating that he witnessed the accident while playing in the vicinity

thereof. At the time of the accident this witness was 10½ years old. He confirmed the account of the plaintiff and of the witness Jones as to the turn signal and to the fact that the defendant's automobile was partially off on the right side of the highway.

The defendant and the two passengers in his automobile, his son and daughter-in-law, each testified that they saw the truck approaching rapidly from the rear; that it was weaving back and forth, and that the defendant used his turn signals to signal a left, and not a right, turn. The defendant and the two passenger witnesses maintain that the defendant's car was struck from the rear prior to beginning a left turn into the intersecting road.

It is uncontroverted that the defendant made a left turn. According to the testimony of the plaintiff, he cut his truck to the right in an attempt to avoid contact, with the result that the left front of the truck struck the right rear of the defendant's automobile, overturning the truck on the north side of the intersection.

The repair of the property damage to the truck cost $5,870.44. The truck was out of operation from June 11, 1961, the date of the accident, until August 3, 1961.

In connection with his claim for damages for loss of use, the plaintiff testified that from January 1, 1961, to the date of the accident he had been making 5 trips per month as a contract carrier, with an average gross revenue of some $600 per trip, and his cost of operation had been $1,200 per month. The plaintiff testified that during the period of repair he had a similar number of loads available to him which, by reason of the damage to his truck, he could not accept. The plaintiff also testified that after the repairs on the truck were completed and the truck was redelivered to him there were occasions of mechanical failure attributed to overheating and damage caused by the accident, with

the statement that he lost an average of 2 loads per month from August to December of 1961.

In connection with the claim for personal injuries, no medical testimony was offered. The only testimony received was the narrative testimony of the plaintiff as to the medical attention that he received, his statement that he was in good physical condition prior to the date of the accident, and that subsequent thereto he suffered pain, swelling and discomfort of the back, legs and right shoulder. He was examined by a physician 4 days after the accident and re-examined a month later. Medical bills for examination and consultation in the amount of $82.50 were received in evidence without objection.

The errors assigned are:

1. The plaintiff was guilty of contributory negligence as a matter of law.
2. Plaintiff failed to prove a causal relationship between the accident and the injury.
3. The trial court allowed improper proof as to loss of use of the truck.
4. The jury verdict was excessive.

■ Since this accident occurred in Indiana, the forum court is required to apply the substantive law of the place of wrong if there is a conflict. Opp v. Pryor, 294 Ill 538, 128 NE 580. The trial court and this court are required by statute to take judicial notice of the case law of our sister States. Ill Rev Stats 1961, c 51, § 48b and § 48g. However, neither plaintiff nor defendant has relied upon the law of Indiana to establish either claim or defense, and we find there to be no basic difference between Illinois and Indiana as to the substantive questions of contributory negligence and causal connection between the accident and injury as raised in this appeal. Hedgecock v. Orlosky, 220 Ind 390. Method of proof and the question of waiver are

procedural questions and governed by the law of the forum.

■ ■ The defendant contends that the plaintiff was guilty of contributory negligence as a matter of law. There is a conflict in the testimony as to the plaintiff's actual speed approaching the intersection and the evidence is controverted as to whether or not the plaintiff had his truck under control and whether he was using due care in attempting to pass the defendant's automobile. It is unnecessary, for disposition of this contention, to detail more of the testimony. The jury heard the witnesses and heard the conflicting testimony. The inferences to be drawn from the evidence are for the jury and are not a question of law to be determined either by the trial court or this court on appeal. It is sufficient to say that the evidence here under review does not establish, as a matter of law, that the plaintiff was guilty of contributory negligence. The question was properly presented to the jury and the verdict of the jury cannot be said to be against the manifest weight of the evidence.

The defendant next contends that the plaintiff failed to establish a causal relationship between the accident and the personal injuries. As stated, no medical testimony was offered by either party and the evidence of injury to the plaintiff was based solely upon his own testimony. He did testify, however, to the nature and extent of his injuries, that his physical condition prior to the accident was good, that subsequent thereto he had soreness of his back, and that this condition persisted. He also detailed his consultation with his doctor.

■ It is the contention of the defendant that the testimony of a physician was positively required to prove that the alleged personal injuries were traumatic in nature and their causal connection with the ac-

cident. In the case of Palmer v. DeFilippis, 321 Ill App 186, at page 198, 53 NE2d 34, the court stated:

"The law does not require that plaintiffs in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. Nor did defendants contend at the time of the introduction of the testimony in question that it was necessary for plaintiffs to produce medical experts to testify as to their injuries. It is customary for plaintiffs in injury cases to testify as to injuries they claim they received. If the instant contention of defendants is sound, then if a plaintiff lost an arm or a leg in an accident he would be compelled to call a doctor to testify to that fact."

Where the injury complained of is remote in time from the accident or the condition is one that is shrouded in controversy as to origin, such as the intervention of either a prior or subsequent injury or disease, layman testimony may be insufficient to establish a prima facie showing of a causal relationship. The testimony here did not require an opinion calling for specialized, scientific or medical expertise. The plaintiff related plain statements of subjective symptoms and allegations of pain and suffering immediately following a truck-automobile collision, which the jury was free to accept or reject in the absence of any countervailing evidence, medical or otherwise. ILP, Damages, Sec 233.

In connection with his contention that the damages awarded by the jury were excessive, the defendant asserts that there was no proper loss of use allowable because the plaintiff failed to show he was unable to rent a substitute vehicle prior to proving loss of profits.

In the case of Trout Auto Livery Co. v. People's Gas Light and Coke Co., 168 Ill App 56, loss of use was first acknowledged to be an element of property damage. That case held that loss of profits could be awarded if clearly and certainly established. In the case of Koch v. Pearson, 219 Ill App 468, the court held that loss of profits was a proper element of damages and stated the rule to be:

> "A further element of damage would be what the plaintiff lost by reason of being unable to carry on his business, and we think that the evidence introduced by plaintiff tending to show what he had earned in the taxicab business the year before the accident was proper to be considered in this regard."

Although the defendant acknowledges that the preceding cases permit loss of profits as an element of damage, it is asserted that such loss of profits cannot be recovered in the absence of a showing that the plaintiff in this case could not obtain a suitable substitute vehicle, in which case the measure of damage is the rental value thereof and not the loss of profits, which are asserted to be speculative.

In substance, it is the contention of the defendant that in the absence of evidence as to the rental cost of a suitable substitute vehicle, no evidence could be received showing a loss of profits. The highest degree of proof is said to be obtainable, and thus secondary evidence of loss of profits should have been excluded.

 This contention with reference to the form and nature of the proof was not specifically asserted at the trial, and the rule in this State is that all grounds not specifically set forth in an objection are waived. Forest Preserve District of Cook County v. Lehmann Estate, Inc., 388 Ill 416, 429, 58 NE2d 538. The waiver rule should be applied strictly where the grounds for

300

objection are technical rather than substantial. In this case, the objection relates to alternative methods of proof, both of which are acceptable in certain cases, and the objection did not specifically state the technical basis for exclusion now asserted on appeal.

 The resolution of the evidentiary questions in favor of the plaintiff does not, however, substantiate the amount of the verdict of the jury in this case. We believe the $20,000 judgment to be palpably excessive. This was a general verdict and it cannot be conveniently separated, as was suggested, and say that the award for personal injuries was $14,129.56, being the amount of the judgment less the cost of repair.

Although there can be no precise rule by which an award of damages can be fixed in an action for personal injuries, a verdict general in nature combining both personal injuries and property damages and loss of use that is as clearly excessive as here indicated can only demonstrate that the jury acted from some improper motive. Lester v. Hennessey, 29 Ill App2d 11, 172 NE2d 403.

Finding no reason to disturb the verdict of the jury as to the question of liability, the judgment of the Circuit Court is affirmed as to liability but reversed as to the question of damages and remanded to that court with directions for a new trial on the question of damages only.

Affirmed in part and reversed in part and remanded, with directions.

SMITH, P. J. and TRAPP, J., concur.