**Virgil Turner, Plaintiff-Appellant, v. City of Chicago, a Municipal Corporation, Defendant-Appellee.**

**Gen. No. 51,514.**

First District, First Division.

April 15, 1968.

Patrick E. Mahoney and Seymour Lacob, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Harry H. Pollack, Special Assistant Corporation Counsel, and Marvin E. Aspen, Assistant Corporation Counsel, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

Plaintiff filed his action against the City of Chicago for personal injuries which he sustained in a fall on a public sidewalk in the City of Chicago. At the close of plaintiff's evidence, the trial court entered a finding for the City.

Plaintiff prosecutes this appeal from that adverse finding.

The plaintiff produced two independent witnesses who identified photographs of the sidewalk in front of 2208 West 13th Street in Chicago, Illinois. The photographs clearly show one cement square of the sidewalk as higher than the adjacent square and a gap between these two squares. One of the witnesses testified that this condition has existed since 1958.

Plaintiff testified that he was walking along the sidewalk when his foot stepped into the "hole" between the level cement square and the raised cement square. Plaintiff fell over on his left shoulder and could not raise his arm after the fall. He went to Cook County Hospital and stayed there for two days and two nights. He described the treatment he received at the hospital which included placing his arm in a cast and putting weights on the end of his arm to stretch it out. Plaintiff also testified, and this was corroborated by one of the independent witnesses, that he worked as a bartender prior to the accident, but subsequently was unable to continue this work. His pay as a bartender was $65 per week. The accident occurred on January 19, 1963, and plaintiff did not go back to work until September 23, 1963. He claimed the only money that he lost was $2,080 in wages.

At the close of plaintiff's evidence, the following colloquy occurred:

> The Court: "Do you have any medical testimony?"
> Plaintiff's Attorney: "No."
> The Court: "Finding for the defendant, if there is no medical."

This ruling by the trial court was erroneous and the case must be remanded for a new trial. There is no requirement that a plaintiff produce medical testimony

where the plaintiff clearly testifies to his injuries and the medical treatment he received. There is no conflict in this case as to the nature of the injury or its causation.

In the case of Palmer v. DeFilippis, 321 Ill App 186, 53 NE2d 34 (1944), the plaintiff testified as to injuries she received but did not produce any medical testimony with respect thereto. This court stated at page 198:

> "The law does not require that plaintiffs in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. Nor did defendants contend at the time of the introduction of the testimony in question that it was necessary for plaintiffs to produce medical experts to testify as to their injuries. It is customary for plaintiffs in injury cases to testify as to injuries they claim they received. If the instant contention of defendants is sound, then if a plaintiff lost an arm or a leg in an accident he would be compelled to call a doctor to testify to that fact."

 The City contends that "the trial court, as the sole judge of the credibility of plaintiff's uncorroborated testimony, properly found that the plaintiff suffered no damage." From the above quoted colloquy between counsel and the court, it does not appear that this was the basis of the trial judge's ruling. However, such a finding would be against the manifest weight of the evidence. Plaintiff testified to pain and suffering in connection with his fall on the City's sidewalk. He further testified to the medical treatment he received, including a description of having his arm placed in traction. It is also uncontradicted that he still suffers pain in his arm and shoulder. In addition, plaintiff testified to lost wages. The fact that plaintiff worked as a bartender was corroborated by an independent witness. These facts constitute a prima

facie showing of damages. The City had the burden of going forward with the evidence to show either that plaintiff was not injured on its sidewalk, or that he suffered no loss of wages or any other damages.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is reversed and the cause remanded for a new trial.

Judgment reversed and cause remanded.

BURMAN, P. J. and MURPHY, J., concur.