JOSEPHINE WIACEK *et al.,* Plaintiffs-Appellants, *v.* HOSPITAL SERVICE CORPORATION (BLUE CROSS) *et al.,* Defendants-Appellees.

(No. 58865;

First District (4th Division)—October 31, 1973.

Robert A. Wiacek, of Chicago, for appellants.

Kirkland & Ellis and Gorham, Adams, White & DeYoung, both of Chicago, (Donald J. Duffy, Gary M. Elden, and John Arnold, of counsel,) for appellees.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This is an appeal from a judgment for the defendants in a contract suit involving two (2) policies of insurance. The plaintiffs, Josephine Wiacek and Robert A. Wiacek, her husband, purchased insurance on January 1, 1969 from Hospital Service Corporation (Blue Cross) and Illinois Medical Service (Blue Shield), the defendants.

After a trial without a jury, the court entered a judgment in favor of defendants and against plaintiffs.

The issues presented for review are whether the trial court erred in entering a judgment in favor of defendants and against plaintiffs on the following grounds:

    1.  Plaintiffs' notices of claims to the defendants were not verified.

    2.  Plaintiffs' only evidence of the nature of her illness was hearsay.

On June 1, 1969, Josephine Wiacek ate some food (pork) at a restaurant in the vicinity of Madison, Wisconsin. Minutes later she became sick and collapsed and hit her head. Her husband drove her to the Madison General Hospital in Madison, Wisconsin for emergency care. X rays were taken, blood test, blood count, blood pressure, temperature, urinalysis test, and other tests were made. The doctor who examined her advised that she be hospitalized but, because of her baby and her husband and the long distance from Chicago, she left after being hospitalized about six (6) hours. She again collapsed on June 3, 1969 and was confined for a period of three (3) hours at St. Joseph's Hospital in Chicago, Illinois. She received similar tests. She was treated as an out-patient at both hospitals and incurred bills in the sum of $65.60. She also incurred bills for doctors' services in the amount of $25.

Plaintiffs called the defendants and requested them to pay the bills as per contract. Defendants told plaintiffs to mail in the bills. Plaintiffs complied and sent a letter of explanation to each defendant. Defendants summarily denied both claims and refused to refund the premiums paid. Plaintiffs filed suit for judgment in the amount of $180 and costs against each defendant, this being the total amount of premiums paid at $20 per month for nine (9) months.

The contract of Illinois Medical Services (Blue Shield) did not require verified notice, only written notice, and plaintiffs complied with this requirement within 30 days. (VII—Claims, A, B, C.)

The contract between the plaintiffs and Hospital Service Corporation (Blue Cross) required verified notice within sixty (60) days. Plaintiffs gave written notice immediately, and defendants could have requested additional verified notice during the remainder of the sixty (60) day period; instead, defendants summarily denied the claim as not being covered under the policy, not on the grounds of failure or refusal to give proper notice. (VI—General Conditions, (c).)

■■ Judicial decisions in Illinois will not bar plaintiffs who give adequate notice from recovery unless the defendants are prejudiced, sustain a loss, bear a hardship, or justice will not prevail.

In the case of *Anderson v. Inter-State Accident Ass'n.* (1933), 354 Ill. 538, 546, 188 N.E. 844, the court stated:

> "The rule is well settled that contracts of insurance are to be construed liberally in favor of the insured and strictly against the insurance company. *Budelman v. American Insurance Co.* 297 Ill. 222.
>
> Neither the policy nor the statute requires a claimant to use a prescribed form in making proof of loss, nor is it required that the proof of loss shall be verified. There is no provision that any penalty or forfeiture shall follow a failure to use the particular forms furnished by the insurer. In the absence of any policy or legal requirement, courts are not authorized to place such a construction upon the language of the policy as would virtually cause a forfeiture and prevent recovery by one who in apparent good faith furnished proof sufficient to apprise the insurer as to the occurrence, character and extent of the loss."

Where one has in good faith furnished proof sufficient to apprise the insurer of the character and extent of the claim, and no particular forms are required by the policy or by statute, such person shall not be barred because of the nature or manner in which the proof was submitted and the insurer had due notice thereof. *Kelley v. United Benefit Life Insurance Co.* (1934), 275 Ill.App. 112, 117-18.

In the case of *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App.2d 164, 171, 209 N.E.2d 833, the court stated:

> "The purpose of the policy provision requiring the insured to give the insurer prompt notice of an accident is to give the insurer an opportunity to make a timely and adequate investigation of all of the circumstances of the injury claim. 18 ALR2d 443, 447."

■■ The manifest weight of the evidence contradicts the trial judge's finding that the only evidence as to plaintiff Josephine Wiacek's food poisoning is hearsay. Both plaintiffs testified from personal knowledge that Mrs. Wiacek was in good health prior to her eating certain food, after which she suddenly became ill and collapsed. She fell and struck her head. She was taken to the hospital and examined by a doctor, given tests and X rays and medication. These facts were substantiated by hospital and doctor bills, X-ray bills and lab bills which were received into evidence. Under the terms of the policies, defendants could have gotten further written substantiation from the doctors and hospitals of the nature and extent of the illness or accident.

Mrs. Wiacek did receive hospital and medical care within twenty-four (24) hours under the *emergency clause* of both contracts which covered her.

■■ There is no requirement that a plaintiff produce medical testimony where he clearly testifies to his injuries and the medical treatment received. (*Turner v. City of Chicago* (1968), 95 Ill.App.2d 38, 39-40, 238 N.E.2d 100.) The law does not require that plaintiffs in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. It is customary for plaintiffs in injury cases to testify as to injuries they claim they received. *Hyat v. Cox* (1965), 57 Ill.App.2d 293, 298-99, 206 N.E.2d 260; *Palmer v. DeFilippis* (1944), 321 Ill.App. 186, 198, 53 N.E.2d 34.

The plaintiffs proved their case by showing that *written notice* was given to both defendants. The Illinois Medical Service contract did not require verified notice. The Hospital Service Corporation contract required verified notice within sixty (60) days, but before the expiration of the time allowed, defendants had summarily denied their claim. To have sent a verified claim thereafter would have availed the plaintiffs nothing.

This court has stated in *Wallace v. Blue Cross Hospital Service, Inc.* (1973), 13 Ill.App.3d 803, 300 N.E.2d 531, 533:

> "We disagree with the finding of the trial court. We are mindful of the accepted rule established by a long line of Illinois cases that the reviewing court does not disturb findings of fact and the resolving of conflicts in evidence by the trial court unless the

judgment or order appealed from is against the manifest weight of the evidence. * * * But our Illinois courts have also recognized that though a strong presumption exists in favor of the trial court's findings, it is a rebuttable presumption. Illinois Supreme Court Rule 366(b) (1) (ii) (Ill. Rev. Stat., ch. 110A, sec. 366(b) (1) (ii)) states:

> 'Any error of fact, in that the judgment or order appealed from is not sustained by the evidence or is against the weight of the evidence, may be brought up for review.'"

■■ Plaintiffs have asked judgment for damages in the amount of $180 and costs against each defendant, being the full amount of the premiums paid for nine (9) months at twenty ($20) dollars per month, claiming that the defendants breached the contracts by refusing to pay the claims. We hold that the failure to pay these claims, as was done in this case, did *not* constitute such a breach of contract that would require a forfeiture and return of all premiums.

Plaintiffs alleged payment and submitted bills in the amount of $65.60 for hospital care and $25 for doctors' bills for *emergency hospital care on June 1, and June 3, 1969.* We further hold that plaintiffs proved a proper claim against the defendants in accordance with the terms of the contracts.

This cause is reversed and remanded for further proceedings in the trial court to determine the exact damages, based on the amount of monetary expenditures for emergency hospital and doctors' care incurred by the plaintiffs, according to the terms of each contract.

Reversed and remanded.

BURMAN, P. J., and ADESKO, J., concur.