AILEEN FISHER, Plaintiff-Appellant, *v.* NARENDRABHAI PATEL, Defendant-Appellee.

First District (5th Division)    No. 79-2058

Opinion filed February 13, 1981.

Robert E. McAuliffe, of Chicago (Sidney Z. Karasik, of counsel), for appellant.

Victor J. Piekarski and Lawrence S. Speyer, both of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

This was a suit for damages arising from personal injuries sustained by plaintiff as a result of a rear end collision with the automobile in which she was riding as a passenger. The jury found defendant liable, but awarded her zero damages pursuant to a "zero verdict" instruction. On appeal, she contends (1) the trial court committed reversible error by tendering a "zero verdict" instruction to the jury; (2) the jury verdict of

zero damages was against the manifest weight of the evidence; and (3) the trial court erred in denying her motion for a new trial on the issues of damages. We reverse and remand for a new trial. The pertinent facts follow.

Plaintiff testified that on October 28, 1974, she was on her way to a doctor's appointment when the automobile in which she was riding was struck from the rear as it prepared to enter Lake Shore Drive. Upon impact, her body was thrown backwards and forwards and she sustained injuries to her head, neck and knees. Plaintiff had injured her neck in an automobile accident approximately 14 years prior to the present occurrence. She indicated that she had not experienced any discomfort from that accident since 1970.

After the instant occurrence, she went to the hospital to see her internist, Dr. Aren. He sent her to the X-ray department but it was closed. She returned to Dr. Aren the following day and he prescribed medication. She also visited Dr. Leonard Smith, an orthopedic surgeon, who prescribed various forms of therapy to relieve the pain in her neck and back, and Dr. Allan Hirschtick, who also examined her.

Steven Fisher, plaintiff's son, testified that he was driving northbound on Lake Shore Drive when he noticed that there was an accident. He recognized his mother in one of the vehicles involved and went directly to her. He saw that she was visibly shaken, had a fairly large bump on her forehead and one of her knees was badly scraped. The vehicle behind the one his mother was in had damage to its front grille and bumper. The vehicle in which his mother was riding had its rear trunk compressed to the point that it was against the rear windshield of the car. He subsequently took his mother to the hospital.

Officer Leonard Purlosky testified that he investigated the accident in question and noted that defendant's vehicle was not drivable as it had sustained extensive front end damage, and the rear of plaintiff's vehicle was nearly at the trunk.

Dr. Smith testified that he saw plaintiff on November 13, 1974. He took her medical history, conducted an examination and ordered X rays. His findings indicated there was tenderness on palpation in the lower cervical spine and loss of the cervical lordotic curve, which is commonly associated with muscle spasm. It was his opinion that the trauma sustained in the October 1974 accident had a causal relationship with some loss of the lordotic curve.

Dr. Hirschtick testified that he examined plaintiff in May 1978 and in June 1979 for an evaluation of her condition. He noted that plaintiff had a degenerated disc condition which existed prior to the October 1974 accident; however, that accident might or could have aggravated this

present condition. He concluded that the accident of October 28, 1974, caused plaintiff's pain to change from an intermittent one to a constant daily one.

Plaintiff submitted three medical bills into evidence; however, this did not include the bill from Dr. Aren, whom she saw immediately after the accident.

Defendant testified that he struck the rear of the vehicle in which plaintiff was riding, but he did not see any damage to it or the Volkswagen, which was struck when the impact pushed plaintiff's vehicle forward. His vehicle was repaired by a private mechanic and the cost was approximately $250 for parts and labor.

At the jury instruction conference, defendant tendered a zero damages instruction which read as follows:

"The plaintiff has the burden of proving each of the following propositions:

First, that the plaintiff was injured.

Second, that the conduct of the defendant was a proximate cause of the injury of the plaintiff.

If you find from your consideration of all the evidence that both of these propositions have been proved, then your verdict should be for the plaintiff. But, if, on the other hand, you find from your consideration of all the evidence that either of these propositions has not been proved, then your verdict should be for the defendant by reflecting 'zero' damages to the plaintiff."

Plaintiff's counsel objected to this instruction, arguing that the evidence showed that she had sustained injuries and aggravation of a previous back condition. The trial court reserved ruling on this and on the motion for a directed verdict. The jury found defendant liable, but awarded plaintiff zero damages. Plaintiff filed a post-trial motion, which was denied, asking the court to vacate the judgment and order a new trial on the issue of damages alone.

Opinion

Plaintiff contends that the trial court erred in giving a zero verdict instruction where the evidence established that such instruction does not apply to the circumstances of this case. We agree.

■■ The general rule is that the question of damages is one of fact for the jury and courts are reluctant to interfere with the jury's exercise of its discretion. As such, a reviewing court will not overturn a jury's decision on the amount of damages where the jury has been properly instructed. *Lee v. Chastang* (1979), 79 Ill. App. 3d 622, 398 N.E.2d 1250.

In certain circumstances, we have upheld the giving of a zero verdict

instruction to the jury. The leading case in this area is *Jeffrey v. Chicago Transit Authority* (1962), 37 Ill. App. 2d 327, 185 N.E.2d 384. *Jeffrey* was a personal injury action arising from a rear end collision. Upon impact, the bumpers of both vehicles hooked together. Plaintiff suffered no immediate pain and proceeded to help the bus driver and a third man disengage the vehicles. The jury found for plaintiff but awarded no damages based on an instruction given them, which stated:

" '*  *  * [I]f you find there is no damage to the plaintiffs, then you will indicate on the verdict, "We, the jury, find for the plaintiff with no damages." ' " 37 Ill. App. 2d 327, 328, 185 N.E.2d 384.

■■ ■ Our holding in this case, which is applicable to all negligence actions, requires that once defendant's liability is established, plaintiff must prove actual damages before he can recover. The court also noted that plaintiff's own evidence was contradictory, and as such the jury could have given it little credence. Cases subsequent to *Jeffrey* have upheld the zero verdict instruction where plaintiff's evidence tends to be contradictory, inconsistent and discredited. (See *Pavlik v. Bonifield Bros. Truck Lines, Inc.* (1973), 11 Ill. App. 3d 705, 297 N.E.2d 246; *Bochantin v. Schroeder* (1973), 12 Ill. App. 3d 738, 299 N.E.2d 47.) However, where plaintiff's evidence is not inconsistent, or contradictory, and proof of actual damages is corroborated by witnesses' testimony, the giving of a zero verdict instruction results in error that is substantially prejudicial and affects the outcome of the trial necessitating reversal. See *County of Cook v. Patka* (1980), 85 Ill. App. 3d 5, 405 N.E.2d 1376; *Kyowski v. Burns* (1979), 70 Ill. App. 3d 1009, 388 N.E.2d 770.

■■ ■ In the pending case, plaintiff testified as to her own injuries upon impact of the vehicles and the further consequences resulting therefrom. There is no requirement that a plaintiff produce medical testimony where he clearly testifies to his injuries and the medical treatment received. (*Wiacek v. Hospital Service Corp.* (1973), 15 Ill. App. 3d 698, 304 N.E.2d 730; *Turner v. City of Chicago* (1968), 95 Ill. App. 2d 38, 238 N.E.2d 100.) Additionally, plaintiff's son testified that he noticed that his mother had a bump on her head and other bruises, and the police officer investigating the accident noted that defendant's vehicle was not drivable and the rear of plaintiff's vehicle was nearly at the trunk. As such, the positive testimony in this case, uncontradicted and unimpeached, could not be disregarded by the jury. (*Larson v. Glos* (1908), 235 Ill. 584, 85 N.E. 926.) Furthermore, Drs. Smith and Hirschtick testified that there was a causal relationship between the accident and at least some of their medical findings, and plaintiff submitted the bills for therapy that she received from the hospitals and for the physical examination and X rays she received from Dr. Smith. Plaintiff's evidence was not inconsistent, and

defendant introduced no medical evidence to the contrary. Thus, the evidence in the record established actual damages and a zero verdict instruction was not warranted.

Moreover, Supreme Court Rule 239 (Ill. Rev. Stat. 1977, ch. 110A, par. 239) requires that whenever the Illinois Pattern Jury Instructions (IPI) do not contain an instruction on the subject, the instruction given on that subject should be simple, brief, impartial, and free from argument. (*Seibert v. Grana* (1968), 102 Ill. App. 2d 283, 243 N.E.2d 538.) Defendant's instruction No. 6 is a modified version of IPI Civil No. 21.02 and purports to state the applicable law in regards to plaintiff's burden of proof but indicates that if she fails to meet her burden then the verdict should reflect "zero" damages. However, the resultant instruction does not comport with the language of the statute and is inapplicable under the circumstances of this case. The instruction is not "simple, brief, *impartial and free from argument.*" (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 110A, par. 239; see also *E. A. Meyer Construction Co. v. Drobnick* (1964), 49 Ill. App. 2d 51, 57, 199 N.E.2d 447.) This zero verdict instruction thus overemphasized the no damage aspect and could have confused the jury and caused it to return the zero damage verdict.

Even the trial judge had some reservations as to the propriety of this instruction under these circumstances; however, he noted that since plaintiff did not submit Dr. Aren's bill into evidence, he could not instruct the jury to return a verdict for at least that amount. We point out that the omission of Dr. Aren's bill or testimony was not fatal to plaintiff's action because other evidence adduced at trial established actual damages. The law does not require that plaintiffs in every personal injury case produce a doctor to testify as to injuries alleged to have been sustained. (*Wiacek; Hyatt v. Cox* (1965), 57 Ill. App. 2d 293, 206 N.E.2d 260.) The effect of this instruction resulted in plaintiff being denied a fair trial.

Because we are reversing this case on the above grounds, we need not address the other issues plaintiff raised. For the foregoing reasons, we hold that the submission of the zero verdict instruction to the jury was improper and prejudicial under the circumstances, and this case is reversed and remanded for a new trial in its entirety.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.