*In re* MARRIAGE OF CHERYL A. ELLER, Petitioner-Appellant, and WALTER A. ELLER, Respondent-Appellee.

Third District   No. 3—91—0937

Opinion filed August 21, 1992.

Susan D. Lyons, of Andreano & Lyons, of Joliet, for appellant.

Douglas W. Schlak and Annette Murrie, both of Wirt, Schlak & Lauterbach, of New Lenox, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The petitioner, Cheryl A. Eller, appeals from the trial court's order denying her continued rehabilitative maintenance. We reverse the decision and remand the cause for proceedings consistent with this opinion.

The record shows that Cheryl and the respondent, Walter A. Eller, were divorced in 1989. The divorce decree provided in relevant part:

"That Walter shall pay to Cheryl through the Clerk of this Court the sum of $150 per week commencing Friday, August 11, 1989, and each and every Friday thereafter, as and for maintenance until August 7, 1991. Cheryl may make application to the Court in order to continue said payments beyond August 7, 1991, by filing a Petition no later than July 7, 1991. That Walter's obligation to pay maintenance to Cheryl shall terminate on August 7, 1991, if a Petition is not filed by July 7, 1991. At the time of filing of the Petition, the Court shall make a determination as to whether Walter shall be obligated to continue to make maintenance payments to Cheryl beyond August 7, 1991. In any event, if the Petition to continue maintenance payments is timely filed pursuant to this paragraph, Walter shall be obligated to continue to make maintenance payments to Cheryl until an Order is entered by this Court terminating all maintenance obligations from Walter to Cheryl."

Prior to July 7, 1991, Cheryl filed a petition seeking to continue the rehabilitative maintenance. She alleged that continued maintenance was necessary because she was suffering from a medical disability. Specifically, she said that she had double and triple vision.

A hearing on the petition was set for September 19, 1991. However, on that date the court, on its own motion, ordered a continuance because Cheryl did not plan to call a medical expert to testify regarding her condition. Although Cheryl explained that she could not afford to pay an expert to testify, the court nonetheless stated that she should get one because it was unlikely to award continued maintenance if she did not.

Thereafter, on November 4, 1991, Cheryl informed the court that she still did not have the funds to pay an expert to testify. She stated that her treating ophthalmologist would not testify until she paid her

past-due bills and agreed to pay him an expert witness fee. She then asked for a continuance, which was denied.

Cheryl then testified that she has been unable to maintain steady employment or to complete her education because she has eye problems. Due to her cataract condition, at times she suffers from double and triple vision. She stated that since the divorce she has worked periodically for her father in his business and as a cleaning woman in homes. She has also obtained 17 credit hours at Joliet Junior College. However, her ability to both work and attend classes is affected by her inability to see well. She also testified that she has trouble driving and is usually driven around by her daughter Heather. Heather testified that she drives her mother wherever she needs to go.

We note that Heather's remaining testimony corroborated Cheryl's testimony. We also note that Walter does not contest the fact that Cheryl suffers from vision problems. However, he does contest her conclusion that her disability limits her ability to obtain employment.

Following the hearing, the trial court found that Cheryl failed to prove she could not get employment or be a full-time student. It held that "Cheryl Eller didn't prove it, because Cheryl Eller chose not to produce expert testimony."

On appeal, Cheryl argues that the trial court erred as a matter of law in finding that she was required to present expert testimony in order to prove she was suffering from vision disabilities. We agree.

Although we were unable to find a case on point, we note that this case is analogous to personal injury cases in which plaintiffs commonly testify as to their injuries. In such cases, we have consistently held that a plaintiff need not produce expert medical testimony to prove damages. See *Chapman v. Foggy* (1978), 59 Ill. App. 3d 552, 375 N.E.2d 865; *Wiacek v. Hospital Service Corp.* (1973), 15 Ill. App. 3d 698, 304 N.E.2d 730.

Applying the above principle to the case at hand, we hold that the trial court erred in finding that expert medical testimony was necessary for Cheryl to prove her need for continued maintenance. In addition, we find that such testimony was unnecessary in light of the fact that Walter presented no evidence disputing Cheryl's testimony regarding her vision problems. In conclusion, we hold that the trial court should have evaluated the evidence presented by Cheryl and her daughter on its own merits to determine if it was sufficient to meet Cheryl's burden of proof.

Accordingly, we find that this cause should be remanded for a new hearing. We also find that since our decision puts the parties in the

same position they were in prior to the trial court's decision, Cheryl is entitled to continued maintenance. She should receive this support under the terms of the parties' divorce decree until a trial court finds that it must be terminated.

The judgment of the circuit court of Will County is reversed, and the cause is remanded for proceedings consistent with this decision.

Reversed and remanded.

BARRY, P.J., and SLATER, J., concur.