989 F.2d 502
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William D. DUNNE, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 92-2842.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 25, 1993.*
Decided March 9, 1993.
 
 Before COFFEY, FLAUM and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 William D. Dunne alleges that he slipped and fell on three occasions, sustaining injury to his hands and knee, while participating in outdoor recreation at the United States Penitentiary at Marion, Illinois. Dunne contends that slippery conditions in the recreation pens were allowed to persist due to the negligence of prison officials, and seeks relief pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680. Because we agree that Dunne failed to show that defendants breached their duty of ordinary care, we affirm the district court's judgment.
 
 I. BACKGROUND
 
 2
 William D. Dunne, then an inmate of the segregation unit of the United States Penitentiary at Marion, Illinois,[1] alleges that on December 19, 24, and 28, 1989, he was taken to outdoor recreation pens for his usual exercise, despite the presence of ice and snow making the surface slippery and hazardous. He claims that complaints of icy conditions were ignored, and that prisoners of the segregation unit were not allowed to exercise indoors instead. He states that on December 19, 1989, he slipped and fell in front of a recreation officer, coming down hard on the palms of his hands. His injury was treated the following day by a physician's assistant. He alleges that he slipped and fell again on December 24, 1989, tearing his sweatpants. Finally, on December 28, 1989, he slipped on an "invisible" patch of ice caused by melting snow and ice dripping from a chain-link roof above the recreation pen, and suffered an abrasion to the left knee. A recreation officer and several inmates witnessed his fall. Dunne's injury was treated the same day with an iodine scrub, ointment and bandage. No follow-up care was deemed necessary.
 
 
 3
 After exhausting his administrative remedies as required under 28 U.S.C. § 2675(a), Dunne filed a pro se complaint in district court, alleging that correctional officers negligently caused his slip and fall and resulting injuries. The district court granted Dunne's motion to proceed in forma pauperis, and referred the case to a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge denied Dunne's petition for writs of habeas corpus ad testificandum to produce three inmates who allegedly witnessed his December 28, 1989 fall. The magistrate judge then conducted an evidentiary hearing. Dunne, several correctional officers, and the physician's assistant who treated Dunne provided testimony, and several exhibits were admitted into evidence. The magistrate judge issued a Report and Recommendation, recommending that the district court enter judgment in favor of the United States on the basis of his conclusion that Dunne had failed to establish (1) that correctional officials had breached their duty of ordinary care, and (2) that Dunne had suffered damages as a result of having slipped and fallen on December 19, 1989 and December 28, 1989. In addition, the magistrate judge determined that Dunne had failed to show that he participated in outdoor recreation on December 24, 1989, and thus could not have slipped on ice or snow as alleged. Dunne filed a written objection to the Report and Recommendation, triggering the review provisions of 28 U.S.C. § 636(b)(1). The district court determined that the magistrate judge's findings of fact and conclusions of law supported his recommendation, and accordingly entered final judgment against Dunne. Dunne filed a timely appeal, and his motion to proceed in forma pauperis on appeal was granted.
 
 II. ANALYSIS
 
 4
 The Federal Tort Claims Act ("FTCA," or "Act"), 28 U.S.C. §§ 1346(b), 2671-2680, provides in part: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Since a claim brought under the FTCA is governed by "the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b), this negligence claim is controlled by the substantive law of Illinois. See, e.g., Campbell v. United States, 904 F.2d 1188, 1191 (7th Cir.1990). Furthermore, the duty of care owed to federal prisoners is established by federal statute, 18 U.S.C. § 4042, independent of any inconsistent state rule governing the duty of care owed by state correctional officials to state prisoners. United States v. Muniz, 374 U.S. 150, 164-65, 83 S.Ct. 1850, 1859 (1963).
 
 
 5
 Under Illinois law, to recover in negligence "the plaintiff must set out sufficient facts establishing the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach." Vesey v. Chicago Housing Authority, 145 Ill.2d 404, 411, 583 N.E.2d 538, 541 (1991); Ward v. K Mart Corp., 136 Ill.2d 132, 140, 554 N.E.2d 223, 226 (1990). Furthermore, courts have held that under 18 U.S.C. § 4042, federal prison officials have a duty to exercise "ordinary diligence to keep prisoners safe and free from harm." Cowart v. United States, 617 F.2d 112, 116 (5th Cir.) (quoting Jones v. United States, 534 F.2d 53, 54 (5th Cir.), cert. denied, 429 U.S. 978, 97 S.Ct. 487 (1976)), cert. denied, 449 U.S. 903 (1980). Under this standard, the government is not an insurer of a prisoner's safety. See id. Correctional officials are thus expected to use ordinary care to protect prisoners from unreasonable risks, not to provide them with a risk-free environment. See id.; Fleishour v. United States, 365 F.2d 126, 128-29 (7th Cir.), cert. denied, 385 U.S. 987 (1966); see also Flechsig v. United States, 786 F.Supp. 646, 650 (E.D.Ky.1991); Turner v. Miller, 679 F.Supp. 441, 443 (M.D.Pa.1987).
 
 
 6
 After reviewing the magistrate judge's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), the district court adopted the magistrate judge's finding that correctional officials did not breach their duty of ordinary care to keep the outdoor recreation pens reasonably safe and free of dangerous ice or snow accumulation. We will not set aside a district court's factual findings unless they are clearly erroneous.[2] See Tyson v. Jones & Laughlin Steel Corp., 958 F.2d 756, 759 (7th Cir.1992); Connors v. United States, 917 F.2d 307, 311 (7th Cir.1990); Fleishour, 365 F.2d at 128-29; Fed.R.Civ.P. 52(a). The record before the district court of the evidentiary hearing held by the magistrate judge indicated that on December 19, 1989, Officer Huckleberry, who was responsible for supervising Dunne during recreation, used ordinary care to clean the area where Dunne later slipped, and warned Dunne that certain areas might remain slick. Furthermore, on December 28, 1989, the accumulation of snow or ice where Dunne fell was so slight that a correctional official using ordinary care could not reasonably be expected to detect it. Under these circumstances, the district court's conclusion that there was no breach of duty is not clearly erroneous.[3]
 
 
 7
 Dunne also maintains that the magistrate judge erred in denying Dunne's motion for a writ of habeas corpus ad testificandum to produce three inmates who witnessed his December 28, 1989 fall. We review the magistrate's ruling for an abuse of discretion. Jones v. Hamelman, 869 F.2d 1023, 1029-30 (7th Cir.1989). Initially we note that Dunne was allowed to be present and to testify at the evidentiary hearing. Cf. id. at 1030. Furthermore, there is nothing in the record to indicate that the magistrate judge abused his discretion in denying Dunne's motion. On the contrary, it appears that the three inmates could only have testified to facts which were also presented by Dunne himself, and that their testimony would therefore have been cumulative. The inconvenience of producing three additional inmate witnesses thus outweighed any possible benefit to Dunne in obtaining their testimony. See id.; Stone v. Morris, 546 F.2d 730, 735 (7th Cir.1976).
 
 
 8
 Finally, Dunne contends that the magistrate judge erred in allowing the defendants to amend their answer to add an affirmative defense of contributory negligence, and in characterizing his complaint as an abuse of the Federal Tort Claims Act. The record shows that the district court adopted the magistrate judge's Report and Recommendation and ruled against Dunne on the basis of Dunne's failure to demonstrate that defendants breached their duty of ordinary care, an essential element of Dunne's prima facie case. Since the affirmative defense did not enter into either the court's or the magistrate judge's determination, the issue of whether granting defendants' Rule 15(a) motion constituted an abuse of discretion is now moot. Moreover, there being no evidence that either the magistrate judge or the district court committed clear error in determining that Dunne had failed to prove a breach of duty, the fact that the magistrate judge expressed his opinion concerning the potential for abuse in cases such as this is not subject to review.
 
 CONCLUSION
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 According to our record, Dunne has since been transferred to the United States Penitentiary in Terre Haute, Indiana, where he currently resides
 
 
 [2]
 We note that under Illinois law, breach of duty is ordinarily a question of fact. See Gill v. Foster, 232 Ill.App.3d 768, 597 N.E.2d 776 (1992); Moore v. Hill, 155 Ill.App.3d 1, 507 N.E.2d 1314 (1987)
 
 
 [3]
 In reviewing the district court's factual determinations for clear error, we do not reweigh the evidence. See Tyson, 958 F.2d at 759. Furthermore, where the district court's view of the evidence is plausible, we may not reverse. Id. (citations omitted). Thus, even if we were to accept Dunne's contention that the area could have been made safer with an application of sand or salt, we would not reverse the district court's determination that the precautions taken by defendants were nevertheless sufficient to fulfill their duty of ordinary care
 We also note that under Illinois law, where a plaintiff has failed to establish the defendant's liability for negligence, the issue of proof of actual damages does not arise. See Fisher v. Patel, 93 Ill.App.3d 694, 417 N.E.2d 691, 693 (1981); Jeffrey v. Chicago Transit Authority, 37 Ill.App.2d 327, 185 N.E.2d 384 (1962). Accordingly, we need not address it.